WILLIAM S. SHURTLEFF, Judge of Probate, *vs.* LEWIS M. FERRY, administrator.

Hampden.    Sept. 23, 1884. — Jan. 9, 1885.    C. ALLEN & COLBURN, JJ., absent.

C. and his mother were the sole distributees of the estate of his father, and there were no creditors. The mother was one of the administrators of the estate. Among the assets of the estate was a promissory note, which the intestate had held for eight years before his decease, against responsible persons, who were always prompt in the payment of interest, and who would have paid the principal upon demand, until their ability to do so was subsequently impaired. Upon the death of his mother, of whose estate C. was the sole distributee, and of which there were no creditors, C. took the note into his possession as his own property, together with all the other securities and notes, those included in the inventory of his father's estate and those in which his mother had invested moneys of the estate received by her, and collected them all, except this note, to an amount exceeding his distributive share in his father's estate. He received interest on the note for two years; and, five years after his mother's death, and while one of the administrators of his father's estate was living, he procured a suit to be brought upon the note by the administrator of his mother's estate, and received all that could be collected upon it, and it then became worthless. He continued to hold the note until the appointment of an administrator *de bonis non* of his father's estate, who brought an action against the administrator of a surety on the bond given to the Probate Court by the administrators of the estate of C.'s father, to obtain the amount which had not been collected on the note. *Held,* that the plaintiff was estopped, by the conduct of C., to deny that the note had been accounted for and distributed; and that no execution should issue.

CONTRACT, for the benefit of the administrator *de bonis non* of the estate of Otis Chapman, against the administrator of a surety upon the bond given to the Probate Court by the administrators of the estate of said Chapman. After a judgment for the plaintiff in the penal sum of the bond, the case was referred to a special master to assess the damages. Upon the coming in of the master's report, the case was heard by *W. Allen,* J., who, at the request of the parties, reported the same for the determination of the full court. The facts appear in the opinion.

*W. G. White,* for the plaintiff.

*G. M. Stearns & A. M. Copeland,* for the defendant.

W. ALLEN, J. Execution should issue for the full value of all the estate of Otis Chapman that came to the hands of the administrators, for which they do not satisfactorily account. Pub. Sts. *c.* 143, § 20, *cl.* 3. The master, in finding that execution should issue only for the unpaid balance of the note of Church and Company, necessarily found that all the rest of the estate had been satisfactorily accounted for by coming to the hands of the distributees. There were no creditors; the widow and son of the intestate, the only distributees, undertook to settle the estate outside of the Probate Court; and no exception was taken to the principle upon which the master must have proceeded, that proof of facts which, if put into the form of an account in the Probate Court, would be sufficient, is a satisfactory accounting in this case. On no other ground could it be held that the defendant is not liable for the whole value of the estate; and that is not claimed.

. The only ground upon which the master held that the defendant was liable for anything is, that the administrators were negligent in not collecting the note of Church and Company. If an administrator, in his account, asks to be allowed for a note inventoried but not collected, negligence in not collecting it would be a reason that he should stand charged with the full amount; and, if he accounted for that in the distribution, no damages could be recovered in a suit upon his bond. The fact that an administrator does not convert securities into money does not necessarily prove maladministration, and even fault in not collecting a doubtful note would ordinarily be cured, if the administrator should stand charged with it, and, being a

distributee, should take it upon his share. The note in the case at bar was one which the intestate had held for eight years before his decease, and it was against responsible persons, who were always prompt in the payment of interest, and who, it is found, as we understand the report, would have paid the principal upon demand, until their ability to do so was impaired in consequence of a public calamity which could not have been anticipated. There was no occasion for turning the assets into money; they were all to be distributed to the widow and son; and, if either of them desired to take the note, the administrators would be justified in not collecting it, without regard to the fact that the debtors resided in a distant State. It was not mal-administration, if the administrators, one of them, the widow, being a distributee, reserved the note for distribution, accounting for it at its full amount as distributed to the administratrix. It is true there has been no final distribution of the estate, and the master does not expressly find that the widow applied the note upon her share of the estate. Whether it is an inference of law, from the facts found, that she so took the note, we need not consider. That it was understood by the other distributee that the note was taken by her is indicated by the fact that he took it into his possession at her decease, and that, five years after that, a suit was commenced upon it by the administrator of her estate, although the surviving administrator of her husband's estate was then living.

But it is immaterial whether the note is to be deemed to have been taken by the widow upon her share of the estate, or to have remained at her decease a part of the estate of the intestate. The plaintiff is estopped, by the conduct of F. O. Chapman, the son of the intestate, to deny that he has received the full value of the note. It is said that this suit is for the use of the administrator *de bonis non*, to secure a legal distribution of the estate. But he is only a trustee, and F. O. Chapman is the sole party in interest; he is distributee of both estates, and there are no creditors of either. If the administrator *de bonis non* were not acting in his interest, the first step would be to secure the assets which he has appropriated. Either he has received the estate as rightful owner as upon distribution, or his acts have been unlawful and make him an executor in his own

wrong.   The report assumes that he is to be taken as lawfully in possession of all of both estates which he holds, and that anything received by him is to be taken as accounted for, and that all these proceedings are for his sole benefit.   It appears that upon the death of his mother he took the note into his possession as his own property, as he did all the other securities and notes, those included in the inventory of his father's estate as well as those in which his mother had invested moneys of the estate received by her, and collected them all, except one note which was worthless and the note in question, to an amount far exceeding what his distributive share in his father's estate could be; that he received interest on this note for two years; that five years after his mother's death, and while the administrator of his father's estate was living, he procured a suit to be brought upon it by the administrators of the estate of his mother, and received all that could be collected upon the note, which then became worthless; that, after that, he held the note for a year before the death of the surviving administrator of his father's estate, and for several years after, and until the appointment of an administrator *de bonis non* on his father's estate, and the institution of this action for his benefit, to obtain the amount which he had not succeeded in collecting upon the note; and that not until then, some ten years after his mother's death, and only in that manner, did he indicate that he did not regard the note as belonging to him as distributee.   The legal inference from such acts is, that he received the note as he did the other property of the estate, and is estopped to deny that it was accounted for and distributed; and that the only party whom the administrator *de bonis non* represents has received all that any accounting would show that he is entitled to.

The facts found in the report furnish a defence to the whole of the plaintiff's claim; and the entry should be

*No execution to issue.*