CAROLINE A. PEARSON vs. JACOB L. BAILEY.

Essex.     November 8, 1900. — January 2, 1901.

Present: HOLMES, C. J., KNOWLTON, LATHROP, BARKER, & HAMMOND, JJ.

In a suit in equity to compel the defendant to pay off a mortgage upon his own and
   the plaintiff's adjoining land, it appeared that the mortgagor, owning both lots,
   conveyed one to the defendant, the deed stating that it was subject to a certain
   mortgage of both lots which the grantee was to assume as part of the consid-
   eration.   Later the mortgagor conveyed the other lot to the plaintiff's grantors,
   by a deed which stated that it was subject to the same mortgage, but not that
   the grantee was to assume the mortgage. *Held*, that the plaintiff could not take
   advantage of the promise to assume the mortgage which the defendant made to
   the mortgagor by accepting his deed. *Semble*, otherwise, if the mortgagor had
   conveyed the plaintiff's lot free from the mortgage.

BILL IN EQUITY, filed in the Superior Court August 1, 1899,
to compel the defendant to pay off a mortgage upon certain land
of the plaintiff and the adjoining land of the defendant.   The
case was heard by *Pierce*, J., who gave judgment for the plain-
tiff, ordering the defendant to " relieve the estate of the plain-
tiff by payment or otherwise of the mortgage lien assumed by
the defendant by the deed to him dated September 30, 1895,"
described below.

The defendant appealed.

By an agreed statement of facts the following appeared : On
September 26, 1895, Elbridge M. Pearson, being the owner of
two adjoining lots of land, made a mortgage of both lots to
Marcia A. Norris to secure the payment of his note for $12,000.

On September 30, 1895, the same grantor by warranty deed
conveyed to Jacob L. Bailey, the defendant, one of the lots free
from encumbrances except said mortgage to Norris.   The deed
contained the following words : " Said premises are subject to
a mortgage given by me to Marcia A. Norris, dated Septem-
ber 26, 1895, which said Bailey is to assume, it being a part of
above consideration.   Said mortgage covering this and adjoin-
ing property and being for the amount of $12,000."

On March 23, 1897, Elbridge M. Pearson conveyed the ad-
joining lot to Mary P. Pearson by warranty deed, containing
the following words : " Said premises are subject to a mortgage

of $12,000, given by me to Marcia A. Norris, upon this and adjoining property which is recorded in Essex South District Registry of Deeds in Book 1457 on page 70." The deed contained covenants against encumbrances " except as aforesaid," and of warranty " except as aforesaid."

Through mesne conveyances the title of Mary P. Pearson was acquired by the plaintiff, Caroline A. Pearson, on June 30, 1898.

*V. J. Loring,* for the plaintiff.

*A. F. Means,* for the defendant.

HOLMES, C. J.    This is a bill to compel the defendant to pay a mortgage upon his own and the plaintiff's adjoining land to one Marcia Norris, the mortgagee. The case is simple. After the mortgage was executed, Elbridge M. Pearson, the mortgagor and owner of the two lots covered by it, conveyed one to the defendant by a deed poll, " subject to a mortgage . . . which said Bailey is to assume, it being a part of above consideration." At a later day the mortgagor conveyed the other lot by a deed poll which stated that it was subject to the mortgage, but not that the grantee was to assume the mortgage. The last mentioned lot came by mesne conveyances to the plaintiff, who now seeks to avail herself of the provision in the deed to Bailey.

It is not disputed that Bailey made a simple contract by the acceptance of the deed to him. *Locke* v. *Homer,* 131 Mass. 93, 102, 109. But the question is raised what if any rights the plaintiff gets by reason of that fact and the coming of the other land to her. Notwithstanding some suggestions in the argument, probably it is unnecessary to say that there is no covenant here, and that the doctrine of covenants running with the land has no application. *Martin* v. *Drinan,* 128 Mass. 515. The contract does not purport to be made with the mortgagor as owner of the adjoining land and for its benefit. See *Hogan* v. *Barry,* 143 Mass. 538. It is a purely personal undertaking with a debtor to relieve him of his debt, — to what extent need not be considered now. With certain traditional exceptions, such a promise by a natural person, even if it were a covenant and much more nearly concerning the landowner as such than this, is not of a kind to pass with land under the ancient doctrine of the common law. *Walsh* v. *Packard,* 165 Mass. 189, 192. Cases like *Whittenton Manuf. Co.* v. *Staples,* 164 Mass. 319,

where the burden of an obligation to pay part of the damages for flowage was held to be imposed upon the dominant land, as an equitable incident of its easement, or as a counter-servitude, binding the land only, in favor of other land, are too remote from the present to need discussion.

The benefit of the contract as a contract goes to the plaintiff no more in equity than by the common law. The promise in its entirety does not concern the plaintiff's interests. The only question is whether the plaintiff can get any help from it to relieve her land. Of course as between the defendant and his grantor one consequence of the agreement was that the burden of the mortgage was thrown on the defendant's land alone to the exoneration of the other parcel, and if Elbridge Pearson had seen fit to convey his land as free from the mortgage the plaintiff would have taken it free as against the defendant, not on the ground of succession to the rights of Elbridge Pearson, but because in no other way could the rights of Elbridge Pearson be made effectual. Such cases occur elsewhere in the law. *Ex parte Waring*, 19 Ves. 345, 350. *Rindge* v. *Sandford*, 117 Mass. 460, 463. For the same reasons, if the deeds were recorded, subsequent purchasers of the two parcels would have taken them subject to their respective rights and burdens. That was what was decided in *Jager* v. *Vollinger*, 174 Mass. 521. In that case the original contractee conveyed his second parcel free of all encumbrances by warranty deed. Possibly the same result would have followed from a mere omission to mention the mortgage, without a warranty against it. But in the present case, perhaps for some such reason as is suggested by the defendant's answer, Elbridge Pearson conveyed his other lot subject to the mortgage. He did not see fit to avail himself of the estoppel against the defendant, as he might have done on the face of the papers before us, in order to enhance the consideration which he received, by conveying the land as unencumbered. It follows that the plaintiff cannot claim the benefit of an estoppel of the defendant as against Elbridge Pearson when it is not necessary to give it to her in order to preserve any of Elbridge Pearson's rights. It is unnecessary to go further, and we do not consider other objections which are urged against the plaintiff's case. But we may add by way of caution that even if the plain-

tiff were entitled to throw the burden of the mortgage in the first place upon the defendant's land, probably it would not follow without more facts than appear in this case that she would be entitled to a personal decree that the defendant should pay the debt. See *Pike* v. *Goodnow*, 12 Allen, 472, 475.

It will be understood that this decision is without prejudice to any question of the plaintiff's right to require contribution from the defendant in case she pays the whole mortgage.

*Bill dismissed.*