OLIVER G. PEARSON, administrator, *vs.* JACOB L. BAILEY.

Middlesex.    November 13, 1901. — January 2, 1902.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Mortgage*, Of real estate, Discharge by merger, Agreement to assume and pay. *Damages*, Nominal.

If the holder of a mortgage takes a conveyance of the mortgaged land and then conveys the land to another with full covenants, the mortgage is discharged by merger.

One by accepting a deed of land agreed to assume and pay off a mortgage on that and adjoining land retained by the grantor. The grantor then conveyed the adjoining land subject to the mortgage. The grantee of the first lot took from the mortgagee a covenant not to enforce any claim upon the mortgage note, but to look wholly to the land for satisfaction of the debt. The original grantor sued his first grantee for a breach of the agreement to pay off the mortgage. The defendant set up the covenant of the mortgagee. *Held*, that the plaintiff could recover only nominal damages, that the defendant by setting up the covenant of the mortgagee not to sue on the note made himself a trustee to enforce the covenant for the benefit of the mortgagor, and the plaintiff having sold his remaining land subject to the mortgage, there was no way in which he could suffer harm from the defendant's breach.

CONTRACT by the administrator of the estate of Elbridge M. Pearson for the breach of an agreement to pay off a certain mortgage which the defendant assumed as part of the consideration for certain land conveyed to him by the plaintiff's intestate. Writ dated January 9, 1900.

In the Superior Court the case was heard on agreed facts by *Bond*, J. The defendant requested rulings, first, that on the facts stated the plaintiff could not recover, and second, that if the plaintiff could recover anything, he could recover only nominal damages. The judge refused to make either of these rulings, and found for the plaintiff in the sum of $13,719.60 and gave judgment for that amount. The defendant alleged exceptions, and also appealed from the judgment.

The same mortgage and deed were before the court in the case of *Pearson* v. *Bailey*, 177 Mass. 318. The covenant of the mortgagee set up in the defendant's answer and referred to in the opinion of the court was as follows:

" Know All Men that I, Marcia A. Norris the mortgagee named in a certain mortgage given by Elbridge M. Pearson to me dated September 26th 1895 recorded with Essex South District Deeds Book 1457 Page 70, in consideration of One dollar to me paid by Jacob L. Bailey of Cambridge in the Commonwealth of Massachusetts, the receipt whereof is hereby acknowledged, do hereby for myself, my representatives, and assigns, covenant and agree that I or they will not, at any time hereafter, sue, or enforce against, said Elbridge M. Pearson, or his administrators, or his estate in probate (aside from any property covered by said mortgage) any claim for the payment of the note secured by said mortgage — which note was signed by said Elbridge M. Pearson and dated September 26th 1895, and promised to pay the sum of Twelve thousand dollars in five years from said date with interest semi-annually at the rate of five per cent per annum ; but I and my representatives and assigns will look wholly to the mortgaged property for the satisfaction of the debt and claim secured by said mortgage.

" It is not my intention however hereby to release or impair any claim on or title to the *property* conveyed by said mortgage, nor the right to enforce said mortgage against said property, and this agreement *is upon condition* that its legal effect is not to release or impair any claim or title the holder of said mortgage has or may have in or to the mortgaged property, *and if* the legal effect of this agreement is to affect or impair any claim or title as aforesaid, then this agreement is null and void.

" Witness my hand and seal this third day of May A. D. Nineteen hundred."

This was signed under seal by Marcia A. Norris, acknowledged before a justice of the peace, and certified to have been recorded with the Essex deeds.

*A. F. Means*, for the defendant.

*V. J. Loring*, ( *C. S. Quinn* with him,) for the plaintiff.

HOLMES, C. J.    This is an action upon a contract, arising from the acceptance of a deed poll, to assume a mortgage.    The deed conveyed one of two lots, both of which were subject to the mortgage.    It was decided in *Pearson* v. *Bailey*, 177 Mass. 318, that a subsequent grantee of the other lot who took it subject to the mortgage could not sue upon or get the benefit of this con-

tract.   The present suit is by the administrator of the estate of Elbridge M. Pearson, the defendant's grantor, to whom the defendant's promise was made.   The case was submitted to the Superior Court on agreed facts, and comes here on exceptions to refusals to rule either that the plaintiff could not recover or that he could recover only nominal damages.

Elbridge M. Pearson, before conveying the second lot, subjected it to a second mortgage for $10,000.   But this mortgage was part of the estate of one Elbridge G. Pearson and was left by him to his widow, Mary P. Pearson.   She was appointed his executrix in February, 1897, and the next month took a conveyance of the second lot.   In October, 1897, she conveyed the second lot with full covenants, subject to the first mortgage but saying nothing in her deed about the second. It must be taken, therefore, that she appropriated the second mortgage to herself according to the terms of her husband's will, *Shurtleff* v. *Ferry*, 138 Mass. 259, and that at latest, when she conveyed the land free of it, as she had power to do, there was a merger, or discharge of the land, and that the second mortgage disappeared.   This therefore need trouble us no further.

As has been implied, after taking the contract in suit Elbridge M. Pearson sold the second lot subject to the first mortgage, and therefore ended his interest in the contract so far as the land was concerned.   The defendant contends that Pearson's interest by reason of his personal liability also has been ended by a transaction between the defendant and the mortgagee, carried through since this suit was begun; and therefore that the court should have ruled as requested that the defendant was liable at most only to nominal damages.

The transaction referred to was a covenant not to enforce any claim upon the mortgage note, but to look wholly to the mortgaged property for satisfaction of the debt.   There is no question that such an agreement made with a mortgagor is valid, and leaves the right to collect the debt from the property unimpaired. *Hayden* v. *Smith*, 12 Met. 511, 515.   *Hemenway* v. *Bassett*, 13 Gray, 378, 380.   *Bentley* v. *Vanderheyden*, 35 N. Y. 677.   The only ground suggested by the plaintiff for giving a less effect to the mortgagee's covenant in this case is that it was not made with his testator, the mortgagor, but with the defendant.   If

notwithstanding the difference of parties, the estate which he is administering now is safe from all claims, only nominal damages should be recovered.   There was some suggestion on behalf of the defendant that there should not be even a technical recovery, but, as it is not disputed that there has been a breach of the contract, we assume that the plaintiff is entitled to judgment, and that the only question is for how much.

It seems to us that the covenant with the defendant sufficiently protects the plaintiff against suit.   The defendant, by setting it up and using it in this suit, makes himself trustee of the obligation for the plaintiff.   It would not be a violent conjecture that the mortgagee understood and has notice that the covenant was obtained for this purpose and is in no better position to accept a release from her covenant than the defendant would be to give one.   A payment by the defendant would have discharged the mortgage.   *Kilborn* v. *Robbins*, 8 Allen, 466, 471. *McCabe* v. *Swap*, 14 Allen, 188, 191.   *Locke* v. *Homer*, 131 Mass. 93, 108.   But, if the mortgagee is not already privy to the plaintiff's rights, she can be notified at once.   If the defendant should attempt to grant a release before the mortgagee receives notice, if notice be necessary, it would be a sufficient reason for entering judgment for substantial damages in this case.   If such a release were granted after notice, a court of equity, if necessary, would see that it was not made use of, and a court of law also would protect the plaintiff.   *Troeder* v. *Hyams*, 153 Mass. 536, 538.   The present owner of the land will have no claim against the plaintiff if the mortgage is foreclosed, for even as between those parties the land is the fund first to be resorted to, having been sold subject to the mortgage.   *Pratt* v. *Buckley*, 175 Mass. 115, 116.   We see no way in which the plaintiff can suffer harm from the defendant's breach.   See *Rice* v. *Sanders*, 152 Mass. 108, 111, 116.

*Exceptions sustained.*