Sanborn, J.
This is an action of contract to recover on a negotiable promissory note made by the defendant payable to the plaintiff.
The declaration containing one count, set forth the execution of the note and a copy thereof, and alleged the defendant owed the plaintiff an unpaid balance thereof with interest.
The defendant’s answer alleged that the plaintiff had failed to exercise its rights under a mortgage originally given by the defendant to secure the payment of the note in question but had instead extended the time for the payment of said note to the defendant’s grantee of the equity of re-
demption, and that had the plaintiff exercised its rights at the time said extension was granted the property covered by said mortgage would have been sufficient to extinguish the mortgage debt represented by said note.
The plaintiff filed eighteen requests for rulings and the defendant twenty-six.
With the exception of a statement in the report that the plaintiff offered evidence as to the custom of banks in the City of Brockton in accepting payments on account of overdue mortgage debts, the report contains no statement of evidence offered at the trial other than that set forth in the written finding made by the trial Court.
The Court found that on August 4, 1925, the defendant borrowed Ninety-five Hundred ($9500) Dollars from the plaintiff bank for one year at six per cent interest and gave a note secured by a real estate mortgage to evidence the debt. Shortly afterwards the defendant sold the real estate to one Levine who did not assume the mortgage or guar *290 antee payment of the debt to the plaintiff. Thereafter the grantee made payments of interest approximately when due.
Some time in 1927, Levine was notified that the plaintiff bank required a payment of One Thousand ($1000) Dollars on account of the principal sum. Levine thereupon saw the president of the bank, a Mr. Owens, and the latter agreed that if Five Hundred ($500) Dollars was paid on account of the principal sum, the bank would continue along with the mortgage. Relying on this promise Levine paid Three Hundred ($300) Dollars on June 17, One Hundred ($100)' Dollars on August 16, and One Hundred ($100) Dollars on November 17, 1927. Interest was thereafter paid at irregular intervals until November 15,1931. The plaintiff bank was closed by the Commissioner of Banks in December, 1931. Interest to November 15, 1932 was subsequently paid.
The defendant had no knowledge of the dealings between the plaintiff bank and Levine from the time the property was sold to Levine until some time after the mortgage was foreclosed on August 29,1934. After crediting the amount realized from the foreclosure sale, there remained a balance of Forty-three Hundred Fifty-nine and 58/100 ($4359.58) Dollars due on the note.
There was no evidence as to the exact duties of any of the officers of the bank, but the Court found that the president in his official capacity acted within the scope of his office in extending the time for payment of the loan by Levine, and found also that at the time of the extension the property was worth more than the amount of the loan. He, therefore, ruled that the defendant was released from liability by the extension granted by the president of the plaintiff bank at a time when the mortgaged property was worth more than the amount of the mortgage, and found for the defendant.
The case has been argued by counsel before this Court on the assumption that the evidence offered at the trial war *291 ranted the findings of fact made by the trial Court, or in other words, that the statement of facts set forth in the finding of the Court is uncontroverted, except that it is the contention of the plaintiff that the agreement of extension made by its president with Levine was unauthorized and consequently not binding upon it, and did not operate to release the defendant from liability on his note. In short, the entire statement of the case is confined in the report to the written finding of the trial Court. There is no recital of the evidence from which those conclusions of fact were drawn.
The sole question of law here presented is whether or not the defendant from the facts and circumstances stated is discharged from personal liability on his note for the balance remaining unpaid.
It is well established that when a mortgagor conveys the equity of redemption in the manner herein found, his relation towards his mortgagee becomes in some degree that of surety. He becomes a surety, not in the strict sense, but in the sense that he is entitled to have the security regarded as the primary fund for the payment of the debt. North End Savings Bank vs. Snow, 197 Mass. 339; Pratt vs. Buckley, 175 Mass. 115; Pearson vs. Bailey, 180 Mass. 229; Rice vs. Sanders, 152 Mass. 108; Codman vs. Deland, 231 Mass. 344; Maglione vs. Penta, 266 Mass. 413; Silverstein vs. Sasta, 285 Mass. 453 and eases cited.
"While ordinarily a valid and binding agreement for extension between the principal debtor and his creditor without the consent of the surety will discharge the latter entirely, in a case like the present one, the mortgagor, by such an extension, is discharged from liability only to the extent that the primary fund, namely the value of the mortgaged property is affected by the extension. If, at the time of the extension, the property was of sufficient value to satisfy the mortgage on a sale, the mortgagor is not liable for any *292 deficiency resulting from subsequent depreciation. North End Savings Bank vs. Snow, Supra; City Institution for Savings vs. Kelil, 262 Mass. 302.
It becomes essential, therefore, to determine whether or not a valid and binding agreement for extending the time of the mortgage was entered into between the plaintiff bank, and Levine, the owner of the equity. The mortgage and note were given by the defendant on August 4, 1925, payable in one year. In 1927, the agreement to extend the mortgage was made with Levine who had taken over the equity of redemption. The defendant had no knowledge of this agreement. The mortgage was foreclosed in August, 1934.
It is clearly established law that mere delay or forbearance in foreclosing a mortgage given as security, does not relieve the debtor of the duty of paying his debt, even if more could have been realized had the mortgage been more promptly foreclosed. Lewis vs. Blume, 226 Mass. 505; Hunt vs. Bridgham, 2 Pick 581; Watertown Fire Insurance Co. vs. Simmons, 131 Mass. 85.
The defendant’s liability on his note is affected only by an agreement of extension that was valid and binding upon the parties to it, and to which the defendant had not consented.
The plaintiff contends there was no binding agreement be- . tween the plaintiff and Levine, and that the Court erred in finding the president of the plaintiff bank acted within the scope of his office because such a finding is inconsistent with the further finding that “there was no evidence as to the exact duties of any of the officers of the bank.”
We are unable to agree with this contention. Whether this latter finding involves a finding that the president had not been expressly authorized by the directors of the plaintiff bank to extend the mortgage, it seems to us is immaterial.
*293 It may have been found that the president had ostensible authority to so act for the bank. Ryan vs. Reed, 266 Mass. 293. His authority may have been inferred from the manner in which for a period sufficiently long to establish a settled course of business, he had been allowed without interference to conduct the affairs of the bank. Lonergan vs. Highland Trust Co., 287 Mass. 550.
The plaintiff accepted in 1927, the payments on account of principal made by Levine in compliance with the agreement of extension, and for four years thereafter accepted payments on account of interest.
If not estopped from repudiating the agreement after having received and retained the benefits of it, it may have been found that failure on the part of the directors of the plaintiff bank to disaffirm the action of its president, and their apparent acquiescence therein, operated as a ratification of the agreement. Bridgham vs. Peters, 1 Gray 139; Franklin Savings Bank vs. Cochrane, 182 Mass. 586.
The report as it comes to this Court, contains no statement of evidence or fact, other than the statement of findings of fact made by the trial Court. The plaintiff accepts all those findings of the trial Court except one, and without setting forth in his report any evidence, asks this Court to hold that the one finding he objects to was not warranted. This we are unable to do.
We are of the opinion there was no error in the rulings of the trial Court, and this report is ordered dismissed.