### EBEN W. FISKE *vs.* JAMES P. TOLMAN.

Suffolk. Nov. 16, 1877. — March 25, 1878. COLT & AMES, JJ., absent.

A promise, on the part of the grantee of land, to pay a mortgage debt existing upon it, cannot be implied from the acceptance of a deed containing the following clause : "Subject, however, to a mortgage held by " A. for a certain sum "which is part of the above-named consideration."

CONTRACT for breach of an agreement to pay a mortgage existing upon an estate conveyed by the plaintiff to the defendant. Trial in this court, without a jury, before *Soule,* J., who allowed a bill of exceptions in substance as follows :

The plaintiff, by his deed dated July 31, 1872, conveyed to the defendant a parcel of land in Boston. The deed stated the consideration to be $11,000, and contained the following clause : "Subject, however, to a mortgage held by the Lowell Five Cents Savings Bank, of $7000, which is part of the above-named consideration."

The land originally belonged to George W. Meserve, who on April 15, 1870, mortgaged it to the Lowell Five Cents Savings Bank, to secure his note for $7000, payable in five years; and subsequently conveyed it, subject to the mortgage, to J. B. Moors, who conveyed it to William Somers. The plaintiff, at Meserve's request, bought the premises of Somers, paying the value of the estate above the mortgage, taking a deed which contained the same clause in relation to the mortgage as that in the deed of the plaintiff to the defendant, and agreeing with Meserve to divide the profits resulting from the purchase equally with him.

Meserve then agreed with the defendant to purchase of him a certain other lot of land, and the agreement was performed as follows : The defendant conveyed to Meserve his land, valued at $29,500, Meserve giving in part payment his note for

$20,000, dated July 31, 1872, and payable in two years, secured by mortgage on the land sold by the defendant to Meserve, and the remainder of the payment was made by the plaintiff giving the deed in controversy and a deed of another lot of land. In the exchange, the value of the equity in the first lot was reckoned at $4500, and of the second lot at $5000. Meserve and the plaintiff agreed to divide equally the profits on the purchase from the defendant. The negotiations were conducted entirely between Meserve and the defendant. The plaintiff did not know, at the time of the conveyance to the defendant, that Meserve was liable as maker of the $7000 mortgage note. The defendant had no knowledge as to what arrangements had been made between the plaintiff and Meserve, or that any arrangement had been made between them, either as regards the land conveyed by the defendant to Meserve, or that conveyed by the plaintiff to the defendant.

For about three years after these conveyances, the defendant paid the interest on the $7000 mortgage note, but has paid nothing since that time, on account either of the principal or interest. At the maturity of the $20,000 note given by Meserve to the defendant, the latter caused the premises to be sold, under the power in the mortgage, in satisfaction of the note. The Lowell Five Cents Savings Bank assigned the $7000 note and mortgage, made by Meserve, to Henry B. Williams. Williams assigned the same to Tuttle & Drisko, on January 26, 1874, at the same time indorsing the note. Tuttle & Drisko assigned the same to Hunt & Hyde. The assignees of the note and mortgage demanded payment of the defendant, and, on his refusal, made demand on Williams, the indorser of the note. Williams paid them $3500 on account thereof, and they obtained judgment against him for the remainder. Meserve, Moors and the plaintiff assigned to Williams their interest in the covenants contained in the several deeds under which the defendant claims, especially in the alleged agreement of the defendant to pay the mortgage debt.

This action is brought for the benefit of Williams. None of these assignments or agreements, or the fact that suit was brought for the benefit of Williams, were known to the defendant, and the evidence in regard to them was admitted against

the defendant's objection. The mortgage has not been foreclosed, nor have the premises been sold under the power contained therein. The plaintiff has paid nothing, and has not been called on to pay anything, on the mortgage note. Shortly before this action was brought, the defendant conveyed the premises to one William P. Jackson for a nominal consideration, because the building on the land was in a dangerous condition, and he had been notified by the city to repair it, and desired to escape that liability. There was no oral agreement between Meserve and the defendant, or between the plaintiff and the defendant, in regard to the $7000 mortgage; but the judge found that the defendant took the deed in payment of $4500, as part of the $29,500 for which he sold his land to Meserve.

The plaintiff requested the judge to rule that upon these facts the defendant was liable for the amount of the mortgage note, and interest. But the judge declined so to rule, and ordered judgment for the defendant; and the plaintiff alleged exceptions.

*R. M. Morse, Jr.*, for the plaintiff.

*R. D. Smith*, (*H. H. Sprague* with him,) for the defendant.

ENDICOTT, J. It is settled in this Commonwealth, that, where land is conveyed in terms subject to a mortgage, the grantee does not undertake, or become bound by the mere acceptance of the deed, to pay the mortgage debt. In the absence of other evidence, the deed shows that he merely purchased the equity of redemption. *Strong* v. *Converse*, 8 Allen, 557. *Drury* v. *Tremont Improvement Co.* 13 Allen, 168. He is indeed interested in its payment, because it is an incumbrance on the land of which he is the owner; but he has entered into no obligation, express or implied, to pay it, and if he parts with his title he no longer has any interest in its payment.

But if a grantee takes a deed, containing a stipulation that the land is subject to a mortgage which the grantee assumes or agrees to pay, a duty is imposed on him by the acceptance, and the law implies a promise to perform it, on which promise, in case of failure, assumpsit will lie. *Pike* v. *Brown*, 7 Cush. 133 *Braman* v. *Dowse*, 12 Cush. 227. *Jewett* v. *Draper*, 6 Allen, 434. *Furnas* v. *Durgin*, 119 Mass. 500.

In the case at bar, there is no such stipulation in the deed. The nominal consideration is $11,000, and the conveyance is made "Subject, however, to a mortgage . . . . of $7000, which is part of the above-named consideration." A promise to pay the mortgage debt cannot be inferred from the acceptance of the deed, on the ground that the clause contains this reference to the consideration. Taken by themselves, the words do not necessarily imply any obligation to be performed by the grantee. They are to be considered rather as additional words of recital or description, showing that the whole amount of the consideration was not paid or intended to be paid, but that the grantee had purchased only an equity of redemption. And this is confirmed by the statement in the bill of exceptions, that the value of the equity in this land, as estimated by the parties, when exchanged for other land, was $4500 only. This sum represented the amount paid by the grantee. See *Trotter* v. *Hughes*, 2 Kernan, 74; *Belmont* v. *Coman*, 22 N. Y. 438.

*Exceptions overruled.*