· O. SHELDON COMPANY *vs.* HOWARD E. COOKE.

Suffolk.    November 14, 1900. — January 4, 1901.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

Where a defendant gives a bond to avoid an attachment of his property, reciting that an attachment has been made, he is estopped to deny the fact of the attachment.

Where a defendant's counsel stated to the plaintiff that his client was "good for any reasonable amount" and thereby induced the plaintiff to refrain from making an attachment, the defendant was held to be estopped from contending that there was no property which the plaintiff could have attached, had the representation not been made.

In this case double costs were imposed on the defendant for want of merit in his exceptions.

CONTRACT, to recover $566 and interest for payments due under a written lease of a gasoline engine placed by the plaintiff in a launch of the defendant, and also $41.82 for fittings furnished for the launch.    Writ dated January 28, 1899.

At the trial in the Superior Court, before *Braley*, J., the plaintiff obtained a verdict, and after verdict, and before judgment, the defendant was adjudged a bankrupt by the District Court of the United States for the District of Massachusetts. The bankruptcy was suggested, and a motion was filed by the defendant to continue the case to await the discharge of the defendant in bankruptcy.    Thereupon the plaintiff filed a motion· for the entry of a special judgment, to enable it to proceed against the surety upon the bond given by the defendant to dissolve the attachment.    See Pub. Sts. c. 171, § 23.

Before passing upon these motions, the judge notified the counsel for both parties "that the plaintiff might show the circumstances under which the bond was given"; and thereupon the defendant objected to the introduction of any evidence showing the circumstances under which the bond was given, but the judge admitted the evidence, and the defendant excepted.

It appeared from evidence introduced by the plaintiff, that some time before the date of the writ, the O. Sheldon Company proceeded against the defendant, before one of the justices of the Municipal Court of the city of Boston, for selling certain

leased property contrary to law ; that the defendant, Howard E. Cooke, was represented by his counsel, Mr. Clarence F. Eldredge, before the justice, and that there Mr. Eldredge said that his client was good for any reasonable amount, and the justice stated that should a writ be made and a satisfactory bond given, he would leave the O. Sheldon Company to their civil rights and would not entertain the complaint.

On December 24, 1898, Mr. Eldredge sent the following letter to Mr. R. W. Gloag, counsel for the O. Sheldon Company :

" Dear Sir, — In the matter of *Sheldon* v. *Cooke*, I am instructed to accept service of the writ and that he is prepared to give you a good and satisfactory attachment bond.   Yours truly, Clarence F. Eldredge."

Thereupon the O. Sheldon Company sued out the writ in this case against Howard E. Cooke.   On the back of the writ was the following indorsement : " Officer's Return.   Suffolk, ss. Boston,      , 1   .   Due and sufficient service of this writ is hereby accepted.   C. F. Eldredge, for defendant."

The writ was not placed in the hands of an officer and no attachment as a matter of fact was made of any property of the defendant.   On the same day the bond referred to was made, executed, and delivered by the said Howard E. Cooke as principal, and Joseph I. Stewart as surety, to the plaintiff.

The bond was in the ordinary form of a bond to dissolve an attachment, and contained the following recital : " Whereas the said The O. Sheldon Company has caused the goods and estate of the said Cooke, to the value of one thousand dollars, to be attached on mesne process by virtue of a writ in favor of the said The O. Sheldon Company against the said Cooke, bearing date the twenty-eighth day of January, A. D. 1899, and returnable to the Municipal Court of the city of Boston in the county of Suffolk, in said Commonwealth, on the fourth day of February next, A. D. 1899, and whereas the said Cooke desires to dissolve said attachment according to law, — "

It further appeared that on December 2, 1899, Cooke was adjudged a bankrupt by the District Court of the United States for the District of Massachusetts, and it was not disputed that the plaintiff's claim was one which was provable against him in bankruptcy.

No evidence was offered by the defendant. The court thereupon found the facts to be as above stated, and ordered that the motion to continue on account of the defendant's bankruptcy be denied, and the motion of the plaintiff for the entry of special judgment be allowed.

The defendant alleged exceptions. The plaintiff moved for double costs and interest under St. 1883, c. 223, § 15.

*C. F. Eldredge*, for the defendant, submitted the case on a brief.

*R. W. Gloag*, for the plaintiff.

LORING, J. There is no merit in these exceptions. The cases relied on by the defendant have nothing to do with the case. The rights of the surety, if he has any, are not now in question; if he has any defence to the claim against him as surety, he can set it up when sued on the bond. Judgment against the principal debtor must be obtained by the plaintiff to charge the surety, because the condition of his bond is to pay a judgment if one is obtained against the principal debtor. But the judgment is a judgment against the principal debtor and is to be disposed of as such though the surety cannot question it when suit is brought against him. *Heard* v. *Lodge*, 20 Pick. 53. *McKim* v. *Haley*, 173 Mass. 112.

There is nothing in the defendant's objection to having judgment entered against him. There is nothing about the fact of an attachment of property for the purpose of giving a bond to dissolve an attachment and a special judgment founded on the attachment, which distinguishes it from any other fact, so far as the question of estoppel is concerned. If the defendant represents to the plaintiff that he admits that an attachment has been made, intending the plaintiff to rely on it, and the plaintiff does rely on it and relying on it does not make an attachment, the defendant is estopped to set up that there was no attachment. In this case the defendant also stated to the plaintiff that he was " good for any reasonable amount "; that estops him from contending that there was no property which the plaintiff could have attached, had the representation not been made.

We do not mean to intimate that there would have been no estoppel had not these representations been expressly made. On the contrary, whenever a defendant gives a bond to avoid having

his property attached and the bond recites the fact that an attachment has been made, he is thereby estopped. The giving of such bonds to prevent the making of attachments is a matter of daily occurrence, and there is no question of their validity.

For the reasons already given, the evidence objected to was properly admitted.

> *Exceptions overruled; and ordered, that the defendant shall pay the plaintiff double costs from the time when the exceptions were alleged and also interest from the same time at the rate of twelve per cent a year on the sum found due.*