NORTH END SAVINGS BANK *vs.* EPHRAIM SNOW, JR. & another.

Norfolk.     December 6, 1907. — February 26, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Mortgage. Surety. Subrogation. Bills and Notes.*

The owner of certain real estate conveyed it in mortgage to secure the payment of a note signed by him, and then, before the note became due, conveyed the equity of redemption to one who was not liable upon the note, with whom, after the note became due, the mortgagee made an agreement not to foreclose the mortgage so long as the interest was paid regularly, by reason of which there was delay in foreclosure and the real estate, which, when the note became due, was of sufficient value to satisfy it upon foreclosure proceedings, depreciated until

its value fell short of the amount due on the note. In an action by the mortgagee against the mortgagor upon the mortgage note, it was *held*, that the agreement of the mortgagee with the grantee of the equity of redemption to extend the time of payment of the note was valid and binding upon the plaintiff and operated to release the mortgagor to the amount by which, because of such extension, the value of the security fell short of the amount due on the note.

CONTRACT upon a promissory note. Writ in the Superior Court for the county of Norfolk dated May 12, 1905.

There was a trial before *Hardy*, J., upon agreed facts. As stated in the opinion, the presiding judge refused to allow the defendants to prove further facts, which were offered by him, on the ground that they were immaterial, directed a verdict for the plaintiff, and the defendants excepted.

*E. F. McClennen*, for the defendants.

*J. H. Colby*, for the plaintiff.

MORTON, J. This is an action on a mortgage note by the mortgagee against the mortgagors. Certain facts were agreed, reserving the question of their materiality, and reserving also the right of the parties to introduce further evidence. The defendants offered to show certain other facts in addition to those agreed upon. The presiding judge ruled that the facts, if shown, would be immaterial, and excluded the evidence thus offered. No other evidence was introduced than that contained in the facts agreed upon, and the presiding judge directed a verdict for the plaintiff for the amount of the note and interest. The case is here on exceptions by the defendants to the rulings and direction thus made. Exceptions were also taken by the defendants to the refusal of the presiding judge to order the plaintiff's president to answer certain interrogatories filed by the defendants, but they have not been argued, and we, therefore, treat them as waived.

The mortgage was dated March 2, 1897, and was payable in three years from date with interest payable semi-annually on the first days of June and December " at the rate of five per cent per annum during said term and for such further time as said principal sum or any part thereof shall remain unpaid." The title to the property was in the female defendant. In November, 1898, the defendants conveyed the equity, subject to the mortgage, to one Finkelstein and one Friedman. Thereafter Finkelstein and Friedman paid the interest until June 10,

1904. No demand for payment of the mortgage was made either upon Finkelstein and Friedman or the defendants until December 27, 1904. The defendants offered to show that, after the note came due, the plaintiff agreed with Finkelstein and Friedman that, if they would continue to pay interest on the note according to the terms thereof, it would not foreclose the mortgage so long as the interest was regularly paid, and that Finkelstein and Friedman agreed to this and paid the interest under this agreement down to and including June 10, 1904. The defendants also offered to show, in substance, that the property had greatly depreciated since the mortgage came due, and that it would not bring enough under foreclosure proceedings to pay the note.

After the conveyance of the equity subject to the mortgage, the relation of the defendants to the plaintiff became in a sense that of sureties, and if they had paid the note they would have been entitled to be subrogated to the mortgage notwithstanding they were the mortgagors. Payment of the note by them under such circumstances would not have operated to discharge and extinguish the debt as to them unless so intended. *Pratt* v. *Buckley,* 175 Mass. 115. *Pearson* v. *Bailey,* 180 Mass. 229. *Franklin Savings Bank* v. *Cochrane,* 182 Mass. 586. *Rice* v. *Sanders,* 152 Mass. 108. *Murray* v. *Marshall,* 94 N. Y. 611. *Spencer* v. *Spencer,* 95 N. Y. 353. *Travers* v. *Dorr,* 60 Minn. 173. The land constituted the primary fund and they were entitled to have it applied in payment of the mortgage debt. Any valid and binding agreement, therefore, between the plaintiff and Finkelstein and Friedman, affecting the right of foreclosure by extending the time for the payment of the mortgage debt, would operate to release the defendants to the amount to which by reason of such extension the security fell short of the amount due on the note. Ordinarily a valid and binding agreement for extension between the principal and his creditor without the consent of the surety will discharge the latter entirely. But in a case like the present the mortgagors are not regarded as being, in the strict sense of the word, sureties, but as being such only in the sense that they are entitled to have the security regarded as the primary fund for the payment of the debt and it is only so far as that is affected that they can complain. The point now presented did not arise in *Shepherd*

v. *May*, 115 U. S. 505.    The question then is whether the agreement for extension, which the defendants offered to show was entered into between the plaintiff and Finkelstein and Friedman, was a valid and binding one.    We do not see why upon the defendants' offer it was not.    Finkelstein and Friedman were not personally liable for the mortgage debt.    The offer was to show that, in consideration of the promise by Finkelstein and Friedman to pay the interest, the plaintiff agreed not to foreclose so long as the interest was paid.    This constituted a valid and binding agreement between the plaintiff and Finkelstein and Friedman and would have prevented the plaintiff from foreclosing the mortgage so long as the interest was paid.    It is true, as the plaintiff contends, that a mortgagee may pursue concurrently his remedies on the note and mortgage.    But this is subject, of course, to the provision that he has done nothing to disable him from doing so.    It is true, also, that mere inaction or delay on the part of the creditor in the enforcement of his rights against the principal debtor will not discharge the surety.    But here, according to the offer, there was a valid and binding agreement for delay.    Still further it is true that if Finkelstein and Friedman had been the principals on the note and the defendants had been sureties the agreement would not have operated to discharge the defendants because it would have been invalid for want of consideration.    But as already observed Finkelstein and Friedman were not personally liable for the mortgage debt and the agreement for delay between them and the plaintiff was valid and binding.    No such question as is here presented arose in *Tucker* v. *Crowley*, 127 Mass. 400, on which the plaintiff relies, and the result is that we think that the exceptions must be sustained.

*So ordered.*