EDMUND D. CODMAN vs. LORIN F. DELAND & others, trustees, (afterwards by amendment JOHN L. NEWELL & others, trustees).

Suffolk.   October 15, 1918. — November 27, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

Contract, What constitutes.  Deed, Assumption of mortgage.  Mortgage, Of real estate: assumption of mortgage debt by grantee.  Surety, Discharge by extension without notice. ·

An agreement in writing under seal between a mortgagee of real estate and a grantee of the mortgagor, who by the terms of his deed agreed to assume and pay the mortgage, providing for an extension of the mortgage debt, if signed by both in duplicate, and acknowledged by the mortgagee on the duplicate original intended for the grantee, but not acknowledged by the grantee on the duplicate original intended for the mortgagee, where there was no condition that the instrument should take effect only on acknowledgment by the grantee, can be found to have been executed by both parties and to have gone into effect upon its execution.

In this Commonwealth where the grantee in a deed assumes and agrees to pay a mortgage on the property conveyed he becomes as between himself and his grantor the principal debtor for the payment of the mortgage debt assumed by him, and the mortgagor as to the grantee becomes a surety, although this does not bind the mortgagee unless he assents to it, but, if thereafter the mortgagee, without the assent or knowledge of the mortgagor, makes an agreement in writing under seal with the grantee extending the time of payment of the mortgage note at an increased rate of interest, the mortgagee by such agreement accepts the grantee as the principal debtor and the mortgagor as a surety and, by the agreement to extend the time of payment contained in the same instrument, made without the knowledge of the mortgagor, discharges the mortgagor from his liability as surety.

BILL IN EQUITY, filed in the Superior Court on December 2, 1915, and amended on March 11, 1918, by the mortgagee of certain real estate on the Bay State Road in Boston, against the defendants, who as trustees were the successors of the mortgagor, to collect a balance of the mortgage debt remaining due after a foreclosure sale.

The case was heard by Fox, J., who found the facts that are stated in the opinion.  Upon these facts and the evidence before him he "found that the agreement for extension was executed by both parties and went into effect upon its execution, and ruled

that the effect of such extension was to bar the plaintiff's right of recovery in the present case; and, without considering the other defences relied on by the defendants," ordered that the bill be dismissed with costs and, at the request of the plaintiff, reported the case for determination by this court, such decree to be entered as justice and equity might require.

*W. P. Everts*, for the plaintiff.

*H. M. Davis*, for the defendants.

Rugg, C. J.   The defendant Deland, in his capacity as trustee, in 1905 executed a note for $17,000, payable in three years to the plaintiff, which was secured by a mortgage upon real estate in Boston.  Before the maturity of the note the mortgagor conveyed the real estate to Nellie H. Miller by a deed referring to the mortgage, which the grantee therein agreed to assume and pay. The defendant as mortgagor straightway thereafter notified the plaintiff as mortgagee by letter of the sale and of the assumption of the mortgage by the grantee.  When the note matured, the mortgagee advised the grantee that, if she desired an extension, $2,000 must be paid on the principal and the rate of interest would be increased.  A formal extension agreement under seal was signed by both parties, wherein the mortgagee agreed to extend the time for the payment of the principal for three years until 1911, and the grantee agreed to pay the principal at that time and to pay the increased rate of interest.  The grantee did not pay the principal, nor the interest, nor the taxes after 1914.  In 1916 the mortgagee foreclosed the mortgage and received for the sale of the real estate $11,000.  This was its fair market value, it having depreciated markedly since 1908.  This suit is brought to recover from the mortgagor the balance due upon the note.

The judge has found that the agreement for extension was executed by both the mortgagee and the grantee and went into effect on its execution.  This finding cannot be reversed and must stand.  It appears that the agreement for extension was drafted in duplicate, each copy identical with the other except that the acknowledgment clause upon one was in form for the grantee and upon the other for the mortgagee.  They were drafted by the attorney for the grantee and submitted to the mortgagee, who approved their form.  Both then were signed by the grantee, but neither was acknowledged by her because of illness.  Both then

were signed by the mortgagee, whose acknowledgment was taken
and certified upon the one designed for that purpose, and he then
returned both copies to the attorney for the grantee. That
attorney tried to get her acknowledgment and wrote her several
times to come to his office for that purpose. She never came, after-
wards left Boston and is reported to be in Austria. The clerk of
the mortgagee endeavored repeatedly to get one copy of the agree-
ment with the acknowledgment of the grantee, and was informed
that the papers were mislaid or lost. Both copies remained in the
possession of the attorney of the grantee.

These facts and the inferences which reasonably may be drawn
therefrom warrant the conclusion that the agreement for extension
was executed by both parties thereto without condition and was
delivered. The circumstance that the copy of the agreement
intended to be kept by the mortgagee was not acknowledged by
the grantee is not decisive. Acknowledgment was not necessary
to its validity. Both copies were signed by each party. Appar-
ently the delivery was absolute. There is nothing in the record
which required a finding or ruling that they were intended to take
effect only upon acknowledgment by the grantee of the copy
arranged for that purpose or upon any other condition. The case
of *Diebold Safe & Lock Co.* v. *Morse,* 226 Mass. 342, relied on by
the mortgagee, is plainly distinguishable in this particular.

The extension agreement between the grantee and the mort-
gagee, without the knowledge and assent of the mortgagor, bars
the present suit against the latter. It was held in *Rice* v. *Sanders,*
152 Mass. 108 that, when a grantee in a deed assumes and agrees
to pay a mortgage on the property conveyed, he takes upon him-
self the burden of the debt or claim secured by the mortgage and
as between himself and his grantor he becomes the principal and
the latter merely a surety for the payment of the debt. The
mortgagee is not bound by such an agreement unless he assents
to it. But when, with knowledge of such an agreement, he enters
into an independent stipulation on his own account with the
grantee, whereby he obtains a new obligation running directly to
himself on the footing that the grantee becomes principal, then
in the absence of special conditions he is held to have recognized
and become bound by the relation of principal and surety existing
between the mortgagor and the grantee. By the agreement with

the mortgagee in the case at bar the grantee agreed to pay the debt and she became the principal debtor. It follows that the agreement for extension of time of payment given to the grantee operated to discharge the mortgagor as original debtor, now become surety. The fact that the agreement to pay the debt and to grant extension of time for payment were embodied in the same instrument is immaterial in this connection. The case is governed by *Franklin Savings Bank* v. *Cochrane,* 182 Mass. 586, *North End Savings Bank* v. *Snow,* 197 Mass. 339.

*Shepard* v. *May,* 115 U. S. 505, is distinguishable because in that case there was no immediate agreement (as there is in the case at bar) between the mortgagor and his grantee that the latter would assume and pay the debt to the mortgagee. The point adjudged in *Keller* v. *Ashford,* 133 U. S. 610, while not the same here presented, is not at all at variance with our conclusion. As is pointed out in *Union Mutual Life Ins. Co.* v. *Hanford,* 143 U. S. 187, that decision rests upon the local law of the State of Illinois, which differs from that of this Commonwealth and of the United States courts upon the vital point whether the mortgagee may sue at law a grantee who by the conveyance to him has assumed the payment of the mortgage debt. Such direct action is not allowed under our decisions. *Mellen* v. *Whipple,* 1 Gray, 317. *Coffin* v. *Adams,* 131 Mass. 133. *Creesy* v. *Willis,* 159 Mass. 249. That principle marks an important distinction in the application of the relation of principal and surety to a mortgagor and his grantee with reference to the mortgagee; but it has no pertinency to the facts here disclosed.

It follows that the order dismissing the bill with costs was right.

<em>Decree accordingly.</em>