JOSEPH TABORSAK *vs.* MASSACHUSETTS BONDING AND INSURANCE COMPANY.

Hampden.    October 25, 1933. — January 2, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Surety. Estoppel. Bond,* In lieu of attachment. *Judgment. Evidence,* Competency.

A surety bond given by the defendant in an action to the plaintiff recited that an attachment had been made and that the defendant wished to dissolve it according to law, although, to the knowledge of all parties concerned, no such attachment had been made. The bond was executed and delivered to prevent the making of an attachment in the action. The plaintiff's counsel accepted the bond in lieu of an attachment, and in reliance on it refrained from making an attachment and released an attachment made under a previous writ to enforce the same claim, which writ he did not enter. In an action on the bond against the surety, it was *held,* that on the facts the surety was estopped to deny the existence of the attachment recited in the bond.

A bond given to dissolve an attachment in an action provided that the surety would pay the amount of the final judgment therein within thirty days after its entry if the defendant did not. Thereafter, without the consent of the surety, the plaintiff and the defendant made an agreement that judgment in the plaintiff's favor for a certain sum should be entered, execution to issue ten months later; and that "in lieu of this judgment" the plaintiff would deliver to

the defendant a certain quantity of goods in ten monthly instalments, the defendant to pay the plaintiff a certain price therefor if they were not defective. The plaintiff delivered the goods, and the defendant accepted and paid for a part thereof, but refused to accept the rest on the ground that they were defective. In an action on the bond against the surety, it appeared that the goods so rejected by the judgment debtor were defective and unsalable. *Held,* that

(1) The agreement between the plaintiff and the judgment debtor properly was admitted in evidence: it was not, as the plaintiff contended, incompetent in that it altered the effect of the judgment which had been entered in the original action; it merely provided a method for satisfaction of the judgment;

(2) Inasmuch as the plaintiff, without the surety's consent, had made with the judgment debtor a binding agreement creating an obligation substantially different from that which arose from the judgment and extending the time for payment of the judgment by the judgment debtor, the surety was discharged from liability on the bond;

(3) The plaintiff could not recover.

CONTRACT. Writ dated December 8, 1931.

In the Superior Court, the action was referred to an auditor whose findings were to be final. Material facts found by the auditor are stated in the opinion. A motion by the plaintiff to recommit the report to the auditor, described in the opinion, was denied by *Whiting,* J., who allowed a motion by the defendant for judgment in its favor on the auditor's report. The plaintiff alleged exceptions.

The case was submitted on briefs.

*J. P. Dowling,* for the plaintiff.

*A. R. Simpson, C. R. Clason, & G. J. Callahan,* for the defendant.

DONAHUE, J. This is an action of contract against the surety on a bond given to dissolve an attachment. It was tried in the Superior Court on an auditor's report before a judge sitting without a jury. The judge denied the plaintiff's motion to recommit the auditor's report because of the admission by the auditor of evidence of an agreement between the plaintiff and the principal on the bond, and allowed the defendant's motion for the entry of judgment in its favor. The bill of exceptions of the plaintiff presents exceptions to the action of the trial judge on these two motions.

The plaintiff brought a trustee writ dated April 30, 1929, returnable on the first Monday of the following June, in which the defendant was described as "Sexton's Drug Store, Inc., a corporation duly established by law and having a usual place of business under name and style of the Belmont Company," and a bank was named as trustee. Funds in the amount of $259.01 were attached, but the writ was not entered on the return day. A second action was begun by the plaintiff by a capias writ dated May 3, 1929, describing the defendant therein as "Fred H. Smith . . . doing business under the name and style of The Belmont Company." The sheriff's return dated May 6, 1929, recited the attachment of "a chip as the property of the within named defendant" and service in hand on the defendant. On the day of the date of the writ, May 3, 1929, the bond here in suit was executed. It was delivered on May 6. The bond, which was in the sum of $3,000, recited that the plaintiff had "caused the Goods and Estate of said The Belmont Company and or Fred H. Smith to the value of . . . $259.01 . . . to be attached on mesne process . . . by virtue of a Writ" dated May 3 and returnable on June 3 in which the present plaintiff was the plaintiff and "The Belmont Company and or Fred H. Smith is Defendant," and that the defendant wished to dissolve the attachment according to law. No actual attachment of property on the second writ was made, but the auditor found that counsel for the defendant in that writ had the bond executed and delivered it to counsel for the plaintiff in order to prevent an attachment of funds under the second writ and that counsel for the plaintiff accepted the bond intending it to be in lieu of an attachment. No question is raised as to the authority of the attorneys to represent their respective clients. Upon receipt of the bond counsel for the plaintiff discharged the trustee named in the first writ and, as has been earlier said, that writ was not entered.

The second writ was entered on its return day and the case was reached for trial on February 5, 1931. Thereupon counsel for the parties to that action agreed: "1. To have entered the following agreement for entry: — 'Judgment

for the plaintiff in the sum of . . . $2426 . . . without costs, without interest execution to be issued December 7, 1931.' 2. That in lieu of this judgment the plaintiff would ship to the defendant a quantity of chiropractor instruments (which was the balance of the quantity called for under the original contract and the quantity for which the suit was brought) — these instruments to be shipped in ten monthly instalments, and the defendant was to pay for them at the rate of $7 per dozen if after examination the instruments were found not to be defective." The agreement for judgment above set forth was filed in court. Thereafterwards the plaintiff shipped to Smith, the defendant in that action, the required number of instruments. He, after examination, accepted a part of them and paid the price of $224 therefor in accordance with the agreement but refused to accept the balance of the instruments on the ground that they were defective. The auditor found that they were defective and that they were not salable. In August, 1931, the plaintiff took out execution in the action against Smith and some months afterwards brought the present action.

Although the bond recites that an attachment had been made of the property of the defendant in a stated sum under the writ dated May 3, no actual attachment of property was made under that writ. This was known to all parties concerned. The auditor found that counsel for the defendant in that writ "had the bond executed and delivered to plaintiff's counsel in order to prevent an attachment of funds under the new writ [that is, the writ dated May 3]. The plaintiff's counsel accepted the bond intending it to be in lieu of attachment." Relying on the bond the plaintiff discharged the trustee attachment which had been made in the earlier action and refrained from making any attachment in the second action. The purpose of the debtor and the surety in giving the bond was accomplished; the debtor obtained what he sought, the right to hold his funds and property free of any attachment based on the plaintiff's claim. In the circumstances here appearing we think that the surety is estopped to deny that there was an attachment. *Briggs v. McDonald*, 166 Mass. 37, 39. *O. Sheldon Co.* v. *Cooke*,

177 Mass. 441, 443–444.  *Britton* v. *Goodman*, 235 Mass. 471, 474.  See also *Bassett* v. *Crafts*, 129 Mass. 513, 517; *Granger* v. *Parker*, 142 Mass. 186, 190; *Olds* v. *City Trust, Safe Deposit & Surety Co. of Philadelphia*, 185 Mass. 500, 502–503.  Cases on which the defendant relies are not applicable to the facts in the present action.  There was here no material mistake of fact as in *Conant* v. *Newton*, 126 Mass. 105, and *Blaney* v. *Rogers*, 174 Mass. 277 (see also *American Agricultural Chemical Co.* v. *Aetna Casualty & Surety Co.* 288 Mass. 522), and no question as to the authority of the persons signing the bond as in *Gordon & Dilworth, Inc.* v. *Abbott*, 258 Mass. 35.

The agreement between the plaintiff and the principal debtor was rightly admitted in evidence.  It did not, as the plaintiff contends, alter the conclusive legal effect of the judgment which was entered.  It provided, rather, a method by which that judgment was to be satisfied.  It was a contemporaneous, independent agreement binding on the parties thereto which was not merged in or concluded by the judgment.  If the agreement had been fully carried out there would have been an accord and satisfaction of the judgment.  Since it was not fully carried out the accord remained executory and the judgment unsatisfied.  *Hunt* v. *Brown*, 146 Mass. 253.  *Savage* v. *Blanchard*, 148 Mass. 348.  It was, however, an enforceable contract between the plaintiff and the principal debtor creating a substantially different obligation from that which arose from the judgment.  It was only for the obligation created by the judgment that the present defendant became surety.  By the terms of the bond the surety undertook to pay the amount of the final judgment within thirty days from the day of its entry if the principal debtor did not.

By his contract with the principal debtor, made after the bond was executed, the plaintiff bound himself to refrain for a ten-month period following the entry of the judgment from enforcing it.  He thereby without the surety's consent extended the time of payment by the debtor by a valid enforceable agreement which contained no reservation of the plaintiff's rights against the surety.  It is settled that in

such circumstances the surety is discharged. *Appleton* v. *Parker*, 15 Gray, 173. *Schwartz* v. *American Surety Co. of New York*, 231 Mass. 490. *Maglione* v. *Penta*, 266 Mass. 413. See also *Lascelles* v. *Clark*, 204 Mass. 362, 373; *Manufacturers' Finance Co.* v. *Rockwell*, 278 Mass. 502. Since the plaintiff's exceptions must for this reason be overruled it is unnecessary to consider other contentions of the defendant. The trial judge rightly allowed the defendant's motion for judgment.

*Exceptions overruled.*