### WILLIAM H. BROWN *vs.* JACOB KAPLAN.

Suffolk.    October 4, 1938. — March 11, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Mortgage,* Of real estate: conveyance subject to mortgage, extension. *Surety.*

Mere inaction or delay by a mortgagee in foreclosing a mortgage of real estate which the mortgagor had conveyed subject to the mortgage, or even a binding agreement with the grantee to extend the mortgage, did not affect the liability of the mortgagor on the mortgage note where the value of the property was not diminished during the period of delay or extension.

CONTRACT. Writ in the Municipal Court of the City of Boston dated January 6, 1937.

On removal to the Superior Court, the action was tried before *Kirk*, J.

*M. B. Holsberg & C. J. Miller,* for the defendant, submitted a brief.

*J. B. Sly,* for the plaintiff.

LUMMUS, J. This is an action of contract by a mortgagee of real estate against a purchaser of the equity of

redemption, to recover upon a written promise under seal, made in 1923 in consideration of an extension of the mortgage, to pay the principal and interest when due. The only defence is that shortly after the sealed promise was made, the defendant conveyed the equity of redemption to one Rubenstein, subject to the mortgage, and the plaintiff later gave Rubenstein an oral extension of the mortgage. We assume that the plaintiff had notice of the relation between the defendant and Rubenstein. *Silverstein* v. *Saster,* 285 Mass. 453, 456, 457.

The evidence for the defendant was that the mortgage covered a small blacksmith shop on a lot of about six thousand feet; that in February, 1935, Rubenstein went to the plaintiff to surrender the mortgaged premises and told the plaintiff that he could not afford to continue with the property; that the plaintiff told him to keep on and care for the property, and that the plaintiff would not bother him about interest until the next payment date, August 1, 1935; that Rubenstein then repaired the shop; that in August he was unable to pay, but the plaintiff urged him to stay and take care of the property, and said that if he did, the plaintiff would not bother him about interest; and that in March, 1936, Rubenstein moved out. There was evidence that the value of the property was the same in February, 1935, August, 1935, and March, 1936, and there was no evidence to the contrary.

After a verdict for the defendant, the judge under reserved leave (G. L. [Ter. Ed.] c. 231, § 120) entered a verdict for the plaintiff. The defendant alleged exceptions.

If there was a binding extension of the mortgage, the defendant fails to show that it harmed him. So far as appears, the mortgaged property was worth as much after the termination of the extension as it was before it was granted. In a case where the mortgagors had conveyed the equity of redemption subject to the mortgage, and later were sued on the note, this court said, "The mortgagors are not regarded as being, in the strict sense of the word, sureties, but as being such only in the sense that they are entitled to have the security regarded as the primary fund

for the payment of the debt and it is only so far as that is affected that they can complain." *North End Savings Bank* v. *Snow,* 197 Mass. 339, 341. The present defendant is in no more favorable situation. In the same case it was said that an extension granted without the consent of the defendants to the purchaser of the equity of redemption "affecting the right of foreclosure by extending the time for the payment of the mortgage debt, would operate to release the defendants to the amount to which by reason of such extension the security fell short of the amount due on the note." *Ibid.* 341. The original papers show that the defendants in that case offered evidence that after the extension was made and during its continuance the value of the mortgaged property became less than the amount of the mortgage note.

In *Franklin Savings Bank* v. *Cochrane,* 182 Mass. 586, the original papers likewise show evidence that the value of the mortgaged property was in excess of the amount of the mortgage note when the extension was granted, and fell below it afterwards. But the essence of that decision apparently was that the purchaser of the equity of redemption did not merely take subject to the mortgage but assumed and agreed to pay it, and that this made the maker of the mortgage note a real surety instead of the *quasi* surety referred to in *North End Savings Bank* v. *Snow,* 197 Mass. 339, 341, with the result that any extension to the purchaser discharged the maker completely. This distinction explains *Codman* v. *Deland,* 231 Mass. 344, but was not taken in *Silverstein* v. *Saster,* 285 Mass. 453, 457, or *Conway Savings Bank* v. *Vinick,* 287 Mass. 448, 451, although the actual decisions in both cases are undoubtedly correct. The view taken in Am. Law Inst. Restatement: Contracts, § 146, and Williston, Contracts (Rev. Ed.) § 386 is that no such distinction exists, and that even where there was an assumption of the mortgage and an agreement to pay it, an extension granted to the purchaser discharges the liability of the maker only to the extent of the diminution in value of the security below the amount of the debt during the period covered by the extension. Whether that

view is correct we need not decide in this case. See *Silverstein* v. *Saster*, 285 Mass. 453, 457.

The conclusion to which we have come makes it unnecessary to consider whether the evidence warranted a finding of any extension of the time for payment of the already overdue principal of the mortgage, as distinguished from the interest, or any surrender of the right of immediate foreclosure. In *Phillips* v. *Vorenberg*, 259 Mass. 46, 71, 72, an extension of time for payment of principal, given to a grantee of the equity of redemption subject to the mortgage, was held not to harm the maker of the mortgage note because a breach of condition warranting foreclosure, consisting of nonpayment of taxes, continued to exist.

Mere inaction or delay by the plaintiff in foreclosing would not discharge the defendant. *North End Savings Bank* v. *Snow*, 197 Mass. 339, 342. *Lewis* v. *Blume*, 226 Mass. 505, 507, 508. *City Institution for Savings* v. *Kelil*, 262 Mass. 302, 307. *Porter* v. *Engel*, 286 Mass. 33, 36.

*Exceptions overruled.*