Donovan, J.
This is an .action of contract, upon an account annexed, in which the plaintiff seeks to recover the sum of $500.00, the amount of a deposit made by her under an agreement for the purchase of a house and land in Brook-line, Massachusetts, owned by the defendants.
The defendants’ answer is a general denial.
The court found for the defendants.
On August 29, 1942 the parties entered into a valid written contract by the terms of which the plaintiff agreed to buy, and the defendants agreed to sell, “A parcel of real estate with the buildings thereon numbered 16 Hancock Road, containing about 11,000 square feet of land”, situated in said Brookline. Under the terms of said contract said premises were “to be conveyed on or before September *377 10,1942 by a good and sufficient quitclaim deed” of the defendants, “conveying a good and clear title to the same, free from all incumbrances except a first mortgage originally for twelve thousand .($12,000.) dollars now reduced to ten thousand four hundred sixty-seven and 48/100 ($10,467.48) dollars held by the Sun Insurance Company of Baltimore, Maryland, (interest at 4 percent payable in arrears)” and the deed thereto was “to be delivered and the consideration paid at the Registry of Deeds in which the deed should by law be recorded, on September 10, 1942 at 12 M., unless some other place and time should be mutually agreed upon”. Said written contract also provided that if the defendants were “unable to give title or to make conveyance as above stipulated any payments made under this agreement shall be refunded.”
The evidence amply supports the finding of fact made by the trial judge that on September 9, 1942, upon the oral agreement of the parties, the time for the delivery of the deed and the payment of the purchase price was extended to September 14, 1942.
This oral agreement was valid and binding upon the parties, and plaintiff’s request for ruling No. 3, based upon the defendants’ failure to comply with the terms of said written contract on September 10, 1942, was properly denied. Pfister v. Vogel Leather Co., No. 161164, 28 Mun. Ct. City of Boston, App. Div. 268. Wit v. Commercial Hotel Co., 253 Mass. 564 at pp. 570, 571, 572 and 573. Moskow v. Burke, 255 Mass. 563 at 567.
On September 14, 1942 the defendants were ready and willing to convey said property to the plaintiff by their good and sufficient quitclaim deed, executed and acknowledged by them, and approved by the plaintiff’s attorney who, "with counsel for the defendants, agreed that all parties meet at the Registry of Deeds in Dedham, Massachu *378 setts, at 3 p. m., on said September 14, 1942 for the purpose of passing papers.
'Said deed provided that said premises were conveyed “subject to.restrictions of record and has the benefit of the rights, easements, provisions and restrictions set forth in document No. 37701 so far as now in force and applicable”, these restrictions relating to the kind, size and cost of buildings to be erected upon .said premises, and certain other restrictions, and the easements relating to an easement for sewer, water, gas pipes and underground electric wiring and certain other easements, all of which are to remain in force until September 1, 1950, and subject also “to mortgage originally for $12,000. to the Sun Life Insurance Company of America and now reduced to $10,467.48 ’ the mortgage so referred to providing:
“That in the event of a salé or sales of said land while this mortgage shall remain a lien thereon this mortgage and said note shall thereupon without notice or demand become immediately due and payable at the option of the holder of this mortgage anything herein or in said note contained to the contrary notwithstanding, unless the purchaser or purchasers assume and agree to pay the same, in which event, however, nothing herein contained shall operate to release the original mortgagors from the covenants and obligations contained in this mortgage or the note hereby secured.”
About 1.30 p. m. on September 14, 1942 the plaintiff’s attorney notified the defendants that the checks he had expected from the plaintiff’s husband had not come in so he could not go to Dedham, and that "the plaintiff’s husband had given no reason for not going through with the deal. In this situation the defendants were relieved of their obligation to attend at the Registry of Deeds in Ded *379 ham at the appointed time and were likewise relieved of the requirement to make tender of their said deed to the property to the plaintiff.
About ten or twelve days after September 14, 1942 the plaintiff’s husband, acting for the plaintiff, notified the defendants ’ broker that the deal was off because he did not like the terms of said mortgage. The plaintiff has never accepted the defendants’ deed to said property.
The report raises two questions: first, whether the plaintiff waived the restrictions and easements upon the property, and secondly, whether, even if said restrictions and easements were waived, was the plaintiff, as matter of law, justified in calling the deal off and in her failure to accept the defendants ’ deed because of the terms of the mortgage to which the property was subject.
The question of waiver was one of fact for the trial judge to decide. Reid v. Doherty, 273 Mass. 388. Fox v. Harding, 7 Cush. 516, 520. Farlow v. Ellis, 15 Gray 229, 231, 232. Donovan Motor Car Co. v. Niles, 246 Mass. 106, 107.
The evidence that prior to the signing of the written contract for the purchase and sale of said premises - the plaintiff, with her attorney, visited the same and that during their said visit the defendants exhibited to plaintiff’s attorney their certificate of title to said premises, which certificate set forth that the premises were “Subject to restrictions as set forth in a deed from Frances G. Blake to Leonard C. Wason, et al., Trs. dated December 22, 1916, duly recorded in Book 1360, page 165, so far as applicable and to the easements reserved in said deed”; that thereafter, and not later than September 10, 1942, the plaintiff’s attorney mentioned a few of said restrictions to the plaintiff’s husband, then acting for the plaintiff, who declared that he was not perturbed about the restrictions and on September 10, 1942 declared that he was ready to go *380 through with his part of the bargain, although on that date he knew that the time for the passing of papers had been extended to September 14, 1942; that on said September 10, 1942 one Griffin, a painter, engaged by the plaintiff to paint the house in question, by arrangement made by the plaintiff with the defendants, placed his ladders and paint upon the premises for the purpose of commencing his paint job; that on September 13, 1942 the defendants vacated said premises and thereupon the plaintiff’s husband, in her presence, requested and received from the defendants the keys to the house in question and did not return said keys to the defendants until ten (10) or twelve (12) days after September 14, 1942, warranted the finding of fact made by the trial judge that the plaintiff “had waived all encumbrances or restrictions” which, in the light of all the findings of fact made by the trial judge, we interpret to mean all easements and restrictions upon said property.
The finding of waiver rendered immaterial all the plaintiff’s requests for ruling relating to said easements and restrictions.
If the plaintiff desired to raise the question of law as to whether the evidence would support a finding of waiver of easements and restrictions she should have presented a request for a ruling to that end. Reid v. Doherty, 273. Mass. 388, supra.
The plaintiff contends, and the substance of her request or ruling No. 7, (that being the only request for ruling not already disposed of) is that the provisions of the mortgage in question "that “in the event of a sale the mortgage and note shall thereupon without notice or demand become due and payable at the option of the holder . . . unless the purchaser or purchasers assume and agree to pay the samé” is an enlargement of her agreement and that a deed subject to such a mortgage need not be accepted, and in *381 support of this contention she cites the cases, Fiske v. Tolman, 124 Mass. 254, and Brockton Savings Bank v. Shapiro, 311 Mass. 695 at 700, the first one of which holds that the acceptance of a deed conveying the premises subject to a mortgage does not imply a promise upon the part of the grantee to assume and pay the mortgage, the second of which holds that the obligation of a grantee to assume and pay a mortgage debt is not to be implied without words indicating such intent, but neither of which, we think, is applicable to the instant ease.
In the case here considered no question of the plaintiff’s liability for the mortgage debt is involved. By the terms of the mortgage itself no such question could ever arise until and unless the plaintiff actually agreed to assume and pay said debt. Had she accepted the defendants’ deed she might never have been called upon to assume and pay said mortgage debt because the mortgagee might never have exercised the option to declare the whole debt due and payable granted to it by the terms of said mortgage.
There was no agreement between the parties as to the terms of the mortgage in question; the defendants at no time discussed the terms of the mortgage with the plainiff, or her husband, and made to them no representations concerning the same, except as appears in the written contract of the parties.
We are of opinion that by the terms of said written contract, modified as to the time and place of performance, the plaintiff was bound to accept a conveyance of said property by way of the defendants’ "said deed on September 14, 1942 subject to whatever were the terms of the mortgage held by the Sun Life Insurance Company of America, and that she was not justified in her failure or refusal to accept said deed and pay the defendants the agreed purchase price for the property merely because her husband, on a *382 date subsequent to September 14, 1942 and ten or twelve days thereafter, called “the deal off” because he “did not like the terms of the mortgage”.
The denial of plaintiff’s request for Ruling No. 7 was proper.
Report dismissed.