* It was contended for the defendant, that he was not [*503] liable, under these circumstances, to pay the balance.
But the Court said, that, as the holder had not given time to the drawer, but had only taken further security, without giving new credit, the indorser was not discharged ; that it was no more than if the holder of a bill or note had received a partial payment from one of the parties to it; or had commenced an action and attached the goods and estate of one of them, in which case, the other party would not be discharged, even though the creditor should discontinue that suit, or release the attachment.†

Defendant defaulted.

 Vide Pring vs. Clarkson, 1 B. & C. 14. — Featherstone vs Hunt, 1 B. & C. 113. — Twopenny vs. Young, 3 B. & C. 208.— Bellows et al. vs. Lovell, 5 Pick. 307. —4 Pick. 152. — King vs. Baldwin, 17 Johns. 384. — 2 Johns. Ch. 554. — Loop vs Summers, 3 Rand. 511. — Paine vs. Packard, 13 Johns. 174. — Hye vs. Barker et al., 4 Pick. 382.
Quære, whether giving up a security obtained from a party personally liable, will not operate a discharge of those subsequently liable? 4 Ves. 824.— Fell, Guar. 153.--13 Johns. 174.— 17 Johns. 384. — 3 Rand, 511.