FEDERAL TRUST COMPANY *vs.* CENTRAL TRUST COMPANY,
executor.

Suffolk.    December 14, 1922. — March 1, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Bills and Notes*, Indorser.

If the holder in due course of an indorsed promissory note, after the death of the
indorser, testate, and after it had been duly protested for non-payment, ac-
cepted from the maker thereof, without intending to give up his rights against
the estate of the indorser, a new note payable in sixty days, which stated that as
collateral security for its payment there was delivered to the holder the former
note "with endorsements," that the holder reserved the right to call for addi-
tional security and that, if such security approved by him was not given, the
new note should become due, the holder did not lose his rights against the
estate of the indorser by reason of the granting of an extension of the time of
payment of the original note or a postponement of the holder's right to enforce
the instrument without the assent of the executor of the will of the indorser,
because the use of the words "with endorsements" in the circumstances effected
an express reservation of the rights of the holder against the estate of the in-
dorser under the provisions of G. L. c. 107, § 143.

CONTRACT by the holder in due course, against the executor of
the will of Richard Hittinger, late of Belmont, who was an in-
dorser, of a promissory note in the sum of $3,400 made by the
American Ammonia Company and delivered by it to the plaintiff
for a consideration and with thereon the indorsement of the
defendant's testator.   Writ dated February 1, 1922.

In the Superior Court, the action was heard by *Morton*, J.,
without a jury.   He found the facts and made the rulings de-
scribed in the opinion, found for the defendant and reported the
action to this court with the stipulation described in the opinion.

*S. L. Bailen*, for the plaintiff.

*J. H. Hurley*, for the defendant.

PIERCE, J.   This action was tried before a judge of the Superior
Court without a jury.   He found for the defendant and reported
the case to this court with the stipulation "that if my rulings are
correct, judgment is to be entered for the defendant; otherwise,
judgment is to be entered for the plaintiff in the sum of $3,000
and interest."

The report discloses that the action is by a holder in due course of a promissory note against the estate of the indorser; that the American Ammonia Company, the maker, on May 10, 1921, gave to the plaintiff for consideration the note in question, dated May 5, 1921, for $3,400, indorsed by the decedent Hittinger; that on May 10, $300 was paid thereon; that the indorser died June 29, 1921; that on July 5 the note was duly protested, and notice thereof duly sent to the indorser's last place of abode; that on July 5 the plaintiff received from the maker a collateral note for $3,100, due in sixty days, which note was several times renewed.

The note of July 5, and all renewal notes, stated that the collateral given with each note was the "note of the American Ammonia Co. for $3,400 dated May 5, 1921, with endorsements;" that the plaintiff reserved the right to call for additional security, and if such security, approved by the holder, was not given, the note should become due. Shortly stated it was agreed that the original note dated May 5, 1921, "with endorsements" should be held by the holder as security for the payment of the note of July 5. The judge found that the holder did not at any time intend to give up its rights against the indorser, and that no express extension of time was given to the American Ammonia Company on the note in suit, except in so far as the acceptance of the collateral note of July 5 may have effected such an extension; and he ruled that the effect of this transaction was to put the holder into the position that it could not enforce either note unless the maker refused to furnish, at its request, additional collateral approved by the holder; that the result thereof was to take from the indorser the right to pay the note at least until additional security was called for; and that the agreement operated as a postponement of the time of payment.

The circumstances not being in dispute, the judge properly ruled upon the conclusion of fact which followed therefrom. We think the ruling was right in so far as it held that the holder could not proceed against the maker on either note until the maturity of the note dated July 5, 1921. And we agree that the holder of the original note and the collateral note, upon receipt of the collateral note, was bound to grant an extension of time for the payment of the original note until the maturity of the

collateral note. The effect of the binding agreement for the extension of time was to discharge the indorser and his estate, unless the holder of the note reserved its rights against him.

G. L. c. 107, § 143, reads: "A person secondarily liable on the instrument is discharged . . . By any agreement binding upon the holder to extend the time of payment, or to postpone the holder's right to enforce the instrument, unless made with the assent of the party secondarily liable, or unless the right of recourse against such party is expressly reserved." It is found as a fact that the plaintiff did not intend to give up its rights against the indorser; the question for decision therefore is whether it succeeded in preserving its rights against the indorser by the statement in the collateral note "that the collateral was the 'note of the American Ammonia Co. for $3,400 dated May 5, 1921, with endorsements.'" It is plain the words "with endorsements" were pure surplusage and added nothing of value to the collateral, if the effect of the receipt of the collateral note was to release the indorsement. Assuming the words were not vain and empty and were intended to confer valuable rights, the conclusion is irresistible that the holder "expressly reserved" its rights against the indorser. It follows that the plaintiff's right against the indorser was not lost by the acceptance of the collateral note. *Sohier* v. *Loring*, 6 Cush. 537, 544. *Hutchins* v. *Nichols*, 10 Cush. 299. *Kenworthy* v. *Sawyer*, 125 Mass. 28.

In accordance with the stipulation, "judgment is to be entered for the plaintiff in the sum of $3,000 and interest."

*So ordered.*