CHARLES H. WORSTER *vs.* BUTLER F. PERRY.

Suffolk.    January 6, 1930. — February 17, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Bills and Notes,* Accommodation paper, Renewal. *Practice, Civil,* Requests, rulings and instructions, Charge to jury.

The question, whether the evidence at the trial of an action requires a verdict for the plaintiff as a matter of law, cannot be raised by a request for a ruling to that effect: under Common Law Rule 44 of the Superior Court (1923), that question must be raised by a motion.

At the trial of an action by the holder of five promissory notes against one whose name appeared on them as an accommodation indorser, waiving demand and notice, the plaintiff testified that, at the maturity of the first note, he surrendered it to the maker and received a "renewal"; that, more than a year after the maturity of the original note, he received the second note upon a subsequent renewal; that he received the other three notes after the date of the original note, but did not remember for what purpose they were received or applied; and that none of the notes was paid. It did not appear what the "renewal" which the plaintiff received at the maturity of the original note was, or, if it were a note, what its terms, date or parties were. The "renewal" was not in suit. It appeared that the defendant's signature on the original note was genuine and that it was forged on the second, third, fourth and fifth notes. He admitted not having paid anything on the original note. The plaintiff requested and the trial judge refused the following ruling: "If the plaintiff surrendered the original note bearing the genuine indorsement of the defendant for an instrument or instruments purporting to be a renewal note or renewal notes on which the defendant's indorsements are forged, such surrender does not extinguish the surrendered note, and the defendant is liable thereon." *Held,* that

(1) The second note was not given in renewal of the original note;

(2) Whether the "renewal" received by the plaintiff at the maturity of the original note were another note or otherwise, it must be assumed, in the absence of anything to show the contrary, that the "renewal" was untainted by fraud or forgery;

(3) The "renewal," whatever its character, amounted to an agreement, binding on the plaintiff, to extend the time for payment of the original note;

(4) That agreement relieved the defendant of liability;

(5) The plaintiff's request properly was refused since it did not apply to the facts appearing in the action.

Certain portions of the judge's charge with respect to the questions above described disclosed no error prejudicial to the plaintiff.

CONTRACT. Writ dated February 12, 1926.

The declaration, material evidence, rulings requested and refused and portions of the judge's charge at the trial in the Superior Court before *Macleod*, J., are described in the opinion. There was a verdict for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*M. Collingwood*, for the plaintiff.

*J. A. Tirrell*, for the defendant.

CARROLL, J. The declaration in this action of contract is in five counts on promissory notes. The record shows that the defendant was the accommodation indorser on a note given to the plaintiff as payee by Chester M. Perry, dated March 13, 1924, in the sum of $1,500, and waiving demand and notice. This note is declared on in count five. The copy of this note annexed to the declaration shows that the time of payment could be extended without notice to or assent of the indorser, but the record shows that there was no evidence as to the contents of the indorsement except a waiver of demand and notice, and no copy of this note was offered in evidence. It was apparently a lost note, the declaration stating that a "copy whereof as near as can be made" is annexed. The plaintiff testified that at maturity he received a renewal of this note. The bill of exceptions recites there was "no testimony as to what he received as said renewal." The plaintiff further testified that later, upon a subsequent renewal and acting in good faith, he received the note set out in count one, relying on the defendant's alleged indorsement as it appears

thereon; that after the date of the original note declared on in count five, he received the notes set out in counts two, three and four, all alleged to be indorsed by the defendant, "but that the plaintiff did not remember the purposes for which said notes were received nor the application made of them." There was evidence that the alleged signatures of the defendant to the notes in counts one, two, three and four were forgeries, and the jury so found.

The plaintiff testified that none of the notes sued on was paid in whole or in part. The defendant admitted that he never paid anything on the original note dated March 13, 1924, and indorsed by him. He testified that he never gave authority to the maker Chester M. Perry to indorse his name to the renewal notes "or any other note," nor did he "ratify any indorsement of his name by any one"; that at some time subsequent to March 13, 1924, Chester M. Perry returned the original note stating it had been paid. He further testified that the only note of Chester M. Perry he indorsed was the original note of March 13, 1924. A verdict was entered for the defendant.

The plaintiff requested these rulings: "1. Upon all the evidence the verdict must be for the plaintiff." "4. If the plaintiff surrendered the original note bearing the genuine indorsement of the defendant for an instrument or instruments purporting to be a renewal note or renewal notes on which the defendant's indorsements are forged, such surrender does not extinguish the surrendered note, and the defendant is liable thereon." The requests were refused, and the plaintiff excepted.

The judge charged the jury in substance that under G. L. c. 107, § 143 (6) a person secondarily liable on a promissory note is discharged by an agreement binding on the holder to postpone "the holder's right to enforce the instrument, unless made with the assent of the party secondarily liable," or unless the right of recourse against such party is expressly reserved; that unless "there is either assent at the time of renewal of the separate notes" or assent when the "original note is given to be bound by such additional notes . . . then any extension of the note

or renewal of the note" without the knowledge or consent of the indorser discharges him of any further liability "on that note." The jury were also instructed "if the original instrument was renewed and a new note substituted for it of which the defendant knew nothing, and one on which he gave no signature, and about which he was not consulted, and if the original instrument simply contained a notice of waiver of notice in the ordinary form, then the plaintiff here cannot recover, and your verdict in that event should be for the defendant." The bill of exceptions recites that the plaintiff excepted to so much of the charge "that if the plaintiff received a renewal note which bore the forged indorsement of the defendant, the defendant was thereby relieved from liability by reason of his indorsement of the original note."

The plaintiff's first request was denied properly: this question should have been raised by motion and not by a request for a ruling. Common Law Rule 44 of the Superior Court (1923). *Patton* v. *DeViney*, 259 Mass. 100, 102. As there was evidence that the indorsements on the promissory notes declared on in counts one, two, three and four were forgeries, a verdict could not be directed for the plaintiff.

Even if it be assumed that the fourth request of the plaintiff states the law correctly, it did not apply to the facts. The original note set out in count five of the declaration was dated March 13, 1924, and was payable in one month. The plaintiff testified that at the maturity of this note he received "a renewal of said promissory note" and surrendered the original note to the maker. If the plaintiff gave up the original note and received a renewal note, there is no evidence showing the terms of this renewal note, when it matured, or who was the maker; nor did it appear that it bore the indorsement of any one. This renewal note is not in suit, and there is no intimation that any of the signatures on this renewal were forged or that there was fraud in the transaction. The note declared on in count one was dated October 15, 1925, — more than a year after the maturity of the original note — and this note of October 15, 1925, was not given in renewal of the

original note. If, in fact, a promissory note were given — and the record is not clear on this point — then there is a presumption that the giving of a negotiable note is a discharge of the prior indebtedness, *Stebbins* v. *North Adams Trust Co.* 243 Mass. 69, 73, and in the absence of evidence to the contrary, we must assume that the first renewal note was genuine and free from fraud. This being so, the receiving of the renewal note amounted to an agreement binding on the holder to extend the time of payment. As the defendant did not assent to this extension of time, he is discharged. G. L. c. 107, § 143 (6). See in this connection *Federal Trust Co.* v. *Central Trust Co.* 244 Mass. 204; *Maglione* v. *Penta,* 266 Mass. 413, 417. If the plaintiff did not receive a promissory note in renewal of the original note, and received something other than a note, "there being no testimony as to what he received as said renewal," he surrendered the original note as part of the transaction; and again, in the absence of evidence to the contrary, we must assume that the proceeding was free from fraud and amounted to an agreement binding on the plaintiff to extend the time of payment. There was no error of law therefore in refusing this instruction.

The plaintiff also excepted "To so much of said charge . . . instructing the jury that if the plaintiff received a renewal note which bore the forged indorsement of the defendant, the defendant was thereby relieved from liability by reason of his indorsement of the original note." The defendant would not be discharged from liability if a note bearing a forged indorsement of the defendant were taken in renewal of the original note. *Central National Bank* v. *Copp,* 184 Mass. 328. *Bass* v. *Wellesley,* 192 Mass. 526. But we can find nothing in the charge indicating that the instruction excepted to was given. The jury were instructed: "The protection given by the statute to the indorser of a note cannot be nullified by having some third party forge his signature on the note and put him in the same position with respect to the question of renewal as if the signature had been genuine . . . . If they are forged instruments, and if the original instrument was renewed

and a new note substituted for it of which the defendant knew nothing, and one on which he gave no signature, and about which he was not consulted, and if the original instrument simply contained a notice of waiver of notice in the ordinary form, then the plaintiff here cannot recover, and your verdict in that event should be for the defendant." The judge, as we construe his charge, was speaking of the notes in suit upon which the defendant's signatures were forged. He did not say that the defendant "was thereby relieved from liability by reason of his indorsement of the original note." See *O'Brien* v. *Shea*, 208 Mass. 528, 534. As the jury found in answer to a specific question that the notes set out in counts one, two, three and four were forged, there could be no recovery on them. The note declared on in count five was renewed, and in the absence of evidence to the contrary we infer that this first renewal was a genuine transaction. If at the time of this first renewal a note was given, there was nothing to show that the signatures were not the signatures of the parties thereto, or that this did not amount to an agreement binding on the holder to extend the time of payment, thereby releasing the indorser.

In that part of the charge where the judge said to the jury, "Of course, if you accept that as a fact and the signatures are not genuine, there would be no evidence to show any consent on his part to the extension," we do not think the jury were misled or that there was error. The judge at this point was referring to the question whether the defendant "agreed to the extension of these notes," and directed the jury's attention to the evidence that the defendant said he had no communication with the plaintiff "between the time when the original note was given and a time some time subsequent to the date of any of the renewal instruments." The defendant was not liable if the time of payment of the original note was extended and the original note renewed by a genuine note without his consent. In view of these facts we find no error in the conduct of the trial.

*Exceptions overruled.*