B. M. C. DURFEE TRUST COMPANY *vs.* ALBERT STEIGER.

Bristol.    October 26, 1936. — December 1, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Bills and Notes*, Indorser.   *Bankruptcy*, Reorganization of corporation.

The acceptance, by the holder of a promissory note, of a plan of reorganization submitted by the maker in proceedings under § 77B of the Federal bankruptcy act, with a stated reservation of his right of recourse against an indorser of the note, did not discharge the indorser from his obligation.

CONTRACT.   Writ in the Superior Court dated July 9, 1935.

The action was heard without a jury by *Brown*, J., who found for the plaintiff in the sum of $20,202.93, and reported the action for determination by this court.

*F. W. Kingsbury*, for the defendant.

*G. L. Sisson*, for the plaintiff.

PIERCE, J.   This is an action of contract to recover the balance due upon a promissory note, dated January 17, 1935, executed by Steiger's Fall River, Inc., a Massachusetts corporation, as maker, payable to the order of the plaintiff, and indorsed by the defendant before it was delivered to the plaintiff.

The case was heard in the Superior Court by a judge sitting without a jury.   At the conclusion of the evidence he found "that the plaintiff was holder of the note in due course;   that it expressly reserved its right of recourse against the defendant indorser, and that the acceptance by the plaintiff of the plan of reorganization submitted by the maker in proceedings under § 77B of the bankruptcy act reserving its right of recourse against the defendant indorser, did not discharge the defendant of his obligation as indorser of said note."

At the request of the defendant the trial judge reported the case "upon the following question for determination of the Supreme Judicial Court because, through inadvertence, the defendant failed seasonably to file notice of his exception to an order denying his requests for rulings, although he intended in good faith so to do: 1.   Did the acceptance by the plaintiff of the plan of reorganization submitted by the maker of the note in suit in proceedings under § 77B of the bankruptcy act, reserving its right of recourse against the defendant indorser, discharge the defendant of his obligation as indorser of said note?"

The facts material to the issue reported, succinctly stated, are as follows:  On April 2, 1935, the maker of the note filed a petition in the District Court of the United States for the District of Massachusetts, for reorganization under § 77B of the bankruptcy act; and a plan of reorganization

submitted by the debtor having been found to be fair and equitable, and to comply with the provisions of the said bankruptcy act, on July 1, 1935, the said plan of reorganization was confirmed by the United States District Court. The plaintiff in this case consented to the plan of reorganization, expressly "reserving its right of recourse against Albert Steiger, endorser on note of Steiger's Fall River, Inc., to B. M. C. Durfee Trust Co. dated Jan. 17, 1935, due April 17, 1935." Under the terms of the plan the plaintiff, listed as the "Bank Creditor," was to receive in instalments $8,000 (twenty-five per cent of the face of the note), and two hundred fifty shares of preferred stock of Steiger's Fall River, Inc., in full satisfaction of its claim against the maker, the said Steiger's Fall River, Inc.  The plaintiff received, and now holds, said preferred stock, and has received some payments in cash.  Creditors other than the plaintiff, those entitled to priority and the debtor's lessor, under the plan were to receive forty per cent of their claims in cash.  For the purposes of the action the plaintiff admits that it has received forty per cent of the face of the note ($12,800), leaving a balance of $19,200, plus interest.

G. L. (Ter. Ed.) c. 107, § 143, reads: "A person secondarily liable on the instrument is discharged" (cl. 3) "By the discharge of a prior party"; (cl. 5) "By a release of the principal debtor, unless the holder's right of recourse against the party secondarily liable is expressly reserved." In the case at bar the plaintiff expressly reserved its right against the indorser — the party secondarily liable. *Sohier* v. *Loring*, 6 Cush. 537.  *Tobey* v. *Ellis*, 114 Mass. 120. *Skillings* v. *Marcus*, 159 Mass. 51.  *Federal Trust Co.* v. *Central Trust Co.* 244 Mass. 204.  See *Worster* v. *Perry*, 270 Mass. 371, 375.

The United States bankruptcy act, St. 1898, c. 541, § 16, 30 U. S. Sts. at Large, 550, (U. S. C. Title 11, § 34,) provides as follows: "Co-Debtors of Bankrupts. — a  The liability of a person who is a co-debtor with, or guarantor or in any manner a surety for, a bankrupt shall not be altered by the discharge of such bankrupt." Section 77B (k) of said act (as added by St. 1934, c. 424, § 1, 48 U. S. Sts. at Large,

912, 921; U. S. C., 1934 ed., Title 11, § 207 [k]) reads in part as follows: "All other provisions of this Act, except such as are inconsistent with the provisions of this section 77B, shall apply to proceedings instituted under this section, whether or not an order to liquidate the estate has been entered. For the purposes of such application, provisions relating to 'bankrupts' shall be deemed to relate also to 'debtors.'" The defendant contends that said § 16 is not applicable to proceedings under § 77B for the reason that the purpose of § 77B is to afford aid in rehabilitating corporations solvent in fact but unable to meet maturing obligations, not to lend aid without discrimination to corporations hopelessly insolvent. *Brockett* v. *Winkle Terra Cotta Co.* 81 Fed. (2d) 949.

In the instant case the plaintiff was a necessary assenting party to the plan of reorganization of Steiger's Fall River, Inc. It is the contention of the defendant that the plaintiff chose to accept, from this debtor, solvent in fact, a certain percentage of its claim; that the defendant had no control over the acts of the plaintiff and no voice in the District Court proceedings; that if the plaintiff had refused its assent the debtor's assets would have been liquidated and distributed *pro rata*; and that there is nothing to show that the plaintiff could not by taking that action have received its claim in full from the debtor. The defendant further contends that his discharge was effected, not by operation of law, but by the voluntary act of the plaintiff, and that under G. L. (Ter. Ed.) c. 107, § 143, his obligation on the note was discharged "By the discharge of a prior party." We think that *In re American Paper Co.* 255 Fed. 121, is applicable to the case at bar, even though the discharge is effected by consent of the creditors — as by a composition. *Guild* v. *Butler*, 122 Mass. 498, 499. *McClintic-Marshall Co.* v. *New Bedford*, 239 Mass. 216, 222, 223.

*Judgment for the plaintiff on the finding.*