SALVATORE PALUMBO *vs.* SALVATORE DiMARE & others.

Suffolk.     November 4, 1936. — January 31, 1938.

Present: RUGG, C.J., FIELD, DONAHUE, & QUA, JJ.

*Practice, Civil*, Special questions to jury, Ordering verdict. *Bills and Notes*, Indorser, Extension of time of payment.

Whether a special question shall be submitted to the jury is wholly within the discretion of the trial judge.

A verdict cannot properly be ordered on the basis of answers of the jury to special questions unless they settle all issues of fact.

An indorser of a promissory note was not relieved from liability because the holder accepted a second note found to have been given merely

as security for the earlier note where the evidence did not warrant a finding of a binding agreement by the holder to extend the due date, but warranted a finding of no more than indulgence of the maker as to the time of payment.

CONTRACT against Salvatore DiMare, maker, and Sebastiano and Anthony DiMare, indorsers, of a note payable to the plaintiff. Writ in the Municipal Court of the City of Boston dated September 17, 1935.

On removal to the Superior Court, the action was tried before *M. Morton,* J., who ordered a verdict for the plaintiff against all the defendants in the sum of $1,739.47. The defendant Anthony DiMare alleged exceptions.

The case was submitted on briefs.

*J. Santosuosso, G. I. Cohen,* & *V. D. Bowen,* for the defendant Anthony DiMare.

*M. Carchia* & *A. B. Cohen,* for the plaintiff. ·

FIELD, J. This is an action of contract on a promissory note, brought by Salvatore Palumbo, the payee and holder thereof. By the third count of the declaration the plaintiff seeks to recover from Anthony DiMare — herein referred to as the defendant — as indorser, a balance of $1,600 remaining due on the note. The note was for $3,000, was dated August 26, 1931, and was payable to Salvatore Palumbo or order in instalments on February 26, 1932, May 26, 1932, and August 26, 1932, with a provision that "Failure to pay any installment of principal and interest when due, shall render the entire unpaid balance of principal and interest due at once." The makers were "Salvatore DiMare," and "Matthews Candy Co. by Salvatore DiMare Treas." Indorsements were as follows: "Waiving demand and notice Sebastiano DiMare Waiving demand and notice Anthony DiMare Waiving demand and notice James S. DiMare." The exceptions state that "The part of the defendant's answer, material to the issue is as follows: The defendants, Sebastiano DiMare and Anthony DiMare say that there was a valid agreement by Salvatore DiMare and the Matthews Candy Company, the makers, and Salvatore Palumbo, the payee and holder, that the time for the payment of the

note be extended until April 26, 1934, and that they did not assent thereto."

At the trial a second note was introduced in evidence. It was for $1,600, was dated April 26, 1932, and was payable to Lena Palumbo or order in instalments of $200 each at intervals of three months. The makers were Sebastiani DiMare and Salvatore DiMare, and the note was indorsed by Sebastiano DiMare and James S. DiMare, and was secured by a mortgage of real estate. It appeared in evidence that Sebastiani DiMare was the wife of Salvatore DiMare, and the mother of James, Sebastiano, and Anthony DiMare. And it was admitted that one Frank Palumbo was "the principal party in interest of the note in suit" and also of the other note.

The jury in answer to special questions found that the words "Waiving demand and notice" above the signature of Anthony DiMare on the back of the note in suit were written before he signed the note, and that the other note "was accepted merely as collateral security to the note in suit." The defendant requested the trial judge to submit a third question to the jury, namely: "Whether there was a valid and binding agreement between the makers and the payee to extend the time of payment beyond the time fixed in the note without the assent of the endorser." The judge refused to submit this question, stating that no evidence warranted its consideration by the jury, and directed the jury to return a verdict for the plaintiff. The defendant excepted to the refusal to submit this question and to the direction of a verdict for the plaintiff.

It is stated in the bill of exceptions that "This bill of exceptions is confined to the issue whether the court erred in failing to submit to the jury" the third question above set forth. On this statement, if strictly applied, the exceptions must be overruled. A judge may, in his discretion, submit to the jury a special question relating to a material issue upon which there is evidence for the consideration of the jury, but he is not required to do so, and to his failure to submit such a question no exception lies. *Boston Dairy Co.* v. *Mulliken,* 175 Mass. 447. *Stone* v. *Orth Chevrolet Co.*

*Inc.* 284 Mass. 525, 528. A verdict, however, cannot be directed on the basis of answers of the jury to special questions unless such answers dispose of all issues of fact material to the case. *Stone* v. *Orth Chevrolet Co. Inc.* 284 Mass. 525, 528. And the defendant excepted to the direction of a verdict for the plaintiff. We think that in the light of the whole bill of exceptions the express limitation upon its scope is not to be so construed as to exclude this exception from consideration so far as it relates to the issue involved in the question which the judge refused to submit to the jury. The defendant argues no other issue.

The question for decision, therefore, is whether the direction of a verdict for the plaintiff was error for the reason that it could have been found that the defendant was discharged from liability as indorser on the note by an agreement between the makers and the payee and holder for extension of the time of payment. Such an agreement, binding on the holder, would discharge the defendant unless he assented thereto or a right of recourse against him was expressly reserved. G. L. (Ter. Ed.) c. 107, § 143, cl. 6. The burden of proving discharge on this ground was on the defendant.

The defendant relies on the second note and the circumstances in which it was given and accepted to show such a discharge. However, the finding of the jury in answer to a specific question — which must stand since no exception relating thereto is before us — that the second note "was accepted merely as collateral security to the note in suit" precludes any contention that it was a renewal note and that receiving it as such amounted to an agreement binding upon the holder of the original note to extend the time of payment thereof. See *Worster* v. *Perry,* 270 Mass. 371, 375. And the fact alone that security is given and accepted on a note is not sufficient to show an agreement to extend the time of payment thereof. *Hurd* v. *Little,* 12 Mass. 502. *Sigourney* v. *Wetherell,* 6 Met. 553, 564. *Second National Bank of Mechanicsburg* v. *Graham,* 246 Penn. St. 256, 261.

The evidence relating to the circumstances in which the

second note was given and accepted tended to show these facts: In February, 1932, there was default in payment of an instalment on the original note. The balance then due on this note was $1,600. There were negotiations between Frank Palumbo and Sebastiano and James S. DiMare in which the defendant took no part. Palumbo demanded payment of the balance due on the note and Sebastiano DiMare said that he could not pay. Palumbo said "he was going to sue on the note, among others, the defendant, Anthony DiMare, as indorser." Sebastiano DiMare "begged him not to sue because he did not want Anthony DiMare embarrassed."

Palumbo said "well if you don't want me to sue your brothers at this time I have to have further security because I don't want to lose my rights against the indorser," or, according to other testimony, "Now if you don't give me further security, I will have to sue the indorser on that note." Thereupon a suggestion was made that Sebastiano DiMare get his mother to give a second mortgage on some property that she owned. According to the testimony of Palumbo this suggestion came from Sebastiano DiMare, and he (Palumbo) agreed to it, and Palumbo told Sebastiano DiMare "that as long as he was not going to sue his brothers that he would take the second note as further security." According to the testimony of Sebastiano Di-Mare, "Dr. Palumbo asked the boys, or my brother and me, asked if we could have my mother give him a mortgage for $1,600 to pay the balance of the $3,000, a new mortgage, and give us more time to pay it, and Sebastiano DiMare said, 'I will have to speak to my mother regards to that,' and that the mother was willing to give a $1,600 mortgage to the $1,600 balance, to pay off that $1,600 from the first one." There "was talk about the length of time they were going to take to pay off the balance of $1,600, the talk was that they would pay it off in two years."

The second note and the mortgage securing it were prepared by Palumbo "after his talks with Sebastiano Di-Mare." This note — which was to be paid in instalments in two years — "set forth the understanding he [Palumbo]

had with Sebastiano DiMare and James S. DiMare of the note in suit."

There was no evidence that the makers of the original note, either Salvatore DiMare, as an individual, or any person representing the Matthews Candy Company, took any part in the negotiations with Palumbo. No evidence — apart from the fact that Salvatore DiMare signed the second note as maker — connects either of them with the transaction. The negotiations with Palumbo appear to have been carried on exclusively by Sebastiano DiMare and James S. DiMare, who purported to be acting for the protection of the indorsers. They did not purport to act as agents of the makers of the original note or for their protection. Moreover, the facts that Salvatore DiMare, one of its makers, signed the second note as maker, and that delivery of this note is to be presumed unless the contrary is proved (see G. L. [Ter. Ed.] c. 107, § 38), and the other evidence in the case, did not warrant a finding that Sebastiano DiMare and James S. DiMare were authorized by the makers of the original note, or more particularly by Salvatore DiMare, to make in their or his behalf a binding agreement with the holder for extension of the time of payment thereof. Furthermore, even if the evidence — limited by the special finding that the second note was accepted merely as collateral security — warranted a finding that this note was given as consideration for a promise by Palumbo, it did not warrant a finding that his promise was a promise to extend the time of payment of the original note by the makers or either of them. The evidence related only to a promise not to sue the indorsers. It could not have been found, therefore, that the defendant was discharged by a binding agreement between the makers of the original note and the holder thereof to extend the time of payment of such note. In the absence of such an agreement mere delay or indulgence given by the holder of the note to the makers thereof would not discharge the defendant. *Maglione* v. *Penta*, 266 Mass. 413, 417.

What has been said disposes of the only question presented by the bill of exceptions. No question is raised by

the answer or presented by the bill of exceptions as to the effect on the liability of the defendant, as indorser of the note in suit, of an agreement by the holder thereof not to sue the other indorsers.

*Exceptions overruled.*