### In re PRUDENCE CO., Inc.

### Application of PERLSTEIN.

### Application of CENTRAL HANOVER BANK & TRUST CO.

### No. 27496.

District Court, E. D. New York.

March 25, 1944.

Willkie, Owen, Otis, Farr & Gallagher, of New York City (Mark F. Hughes, of New York City, of counsel), for Prudence Securities Corporation.

Rathbone, Perry, Kelley & Drye, of New York City, (W. Frederick Knecht, of New York City, of counsel) for Central Hanover Bank & Trust Co.

Montague S. Mendelsohn, of New York City, for petitioner Alfred S. Perlstein.

Milton Loewe, of New York City, for Trustees of Union College et al.

Irving Schanzer, of New York City, for Prudence Realization Corporation.

MOSCOWITZ, District Judge.

This is a motion to confirm the report of Abraham Brill, Esq., Special Master, relating to the distribution of funds received by Central Hanover Bank and Trust Company, as former trustee of the 1961 Bond Issue of The Prudence Company, Inc., as dividends on its claim filed in the bankruptcy of New York Investors, Inc., based upon the latter's guaranty of the 1961 Bond Issue. The essential portion of the indenture provides:

"Each of said Bonds shall bear the following:

"Guaranty and Agreement to Pay by Realty Associates.

"The undersigned, Realty Associates, a New York corporation, being the first taker and holder of the within Bond, and in consideration thereof and of the purchase of the within bond, hereby unconditionally guarantees the due and punctual payment of interest on the within Bond until the principal is fully paid; and full and prompt performance by The Prudence Company, Inc. of the covenants of the Trust Indenture herein referred to for payments into the Sinking Fund; and also due and punctual payment of the principal of the within Bond when the same, by its terms becomes due and payable, or when due by declaration, as in said Trust Indenture provided.

"The foregoing guaranties are made to the Trustee named in such Trust Indenture and each successive holder of this Bond and each of such coupons, and the undersigned, Realty Associates, shall, in case of any payment by it under such guaranties, have the rights and privileges set forth in said Trust Indenture."

The Central Hanover Bank and Trust Company, as trustee, filed a proof of claim in the New York Investors, Inc., proceeding which contained the above quoted guaranty of the Realty Associates as well as:

"10. That this proof of claim is made on behalf of Central Hanover Bank and Trust Company, as Trustee as aforesaid, and on behalf of all the holders and owners of said publicly held bonds of The Prudence Company, Inc. outstanding as aforesaid, provided, that to the extent the holders and owners of any of said bonds shall individually file proofs of claim herein with respect thereto, and the same shall not for any reason be disallowed, such claims shall pro tanto supersede and/or reduce the amount of this proof of claim."

The Special Master properly held:

"It is undisputed that up to the time of the surrender of the Old Bonds, the rights on the guaranty attached to and went with the Old Bonds. It is also undisputed that subsequent to the surrender of the Old Bonds for cancellation, the right on the guaranty continued to exist, preserved, both by the provisions of Section 16 of the Bankruptcy Act (11 U.S.C.A. Sec. 34), to the effect that liability of a guarantor of a Bankrupt shall not be altered by the discharge of such Bankrupt, and by the express provision for retention of the rights under the guaranty, incorporated in the Plan of Reorganization of the Old Bonds as finally affirmed and consummated. (In re Nine North Church Street, Inc., [2 Cir.] 82 F.2d 186; [B.M.C.] Durfee Trust Co. v. Steiger [296 Mass. 136, 4 N.E.2d 1014] 32 A.B.R., N.S., 388). It is urged, however, that the surrender of the Old Bonds in exchange for cash and the securities of the New Company must be considered such a transfer or assignment as will invoke the presumption of the law that when an obligation is transferred or assigned, it is intended to transfer or assign therewith rights on a guaranty thereof. (Everson v. Gere, 1890, 122 N.Y. 290 [25 N.E. 492]; Stillman v. Northrup, 1888, 109 N.Y. 473

466

[17 N.E. 379].) Relying on this line of reasoning and presumption, it is further urged that not the holders of the Old Bonds at the time of the surrender, but either the present holders of the New Bonds, or the New Company, are entitled to the fund in the hands of the former Trustee, consisting as it does of proceeds of the guaranty. The New Company, Prudence Securities Corporation, holds $3,656,200. principal amount of the New Bonds, out of a total of $6,930,550. outstanding, having acquired them by sinking fund·operations pursuant to its Trust Indenture, and so will benefit materially whether as New Company or as New Bondholder, if its contention is upheld (pp. 72 to 74.)

"The Special Master can find no validity in any contention that any persons other than those holders and owners of Old Bonds at the time of their surrender who did not file and have allowed individual proofs of claim, are entitled to the fund or funds derived or to be derived from rights on the guaranty of the Old Bonds. No authority has been cited, and the Special Master by independent research has been unable to find any authority, in support of such a contention.

"In examining the problem it must be borne in mind that all acts done were so done or were supposed to be done pursuant to a Plan of Reorganization adjudicated and affirmed by this Court. The surrender of the Old Bonds pursuant to the Plan can in no way be compared to a transfer or assignment. The Old Bonds were surrendered for cancellation and for no other purpose. Upon surrender they ceased to have existence for all purposes, for we must consider as done at that time that which was intended to be done, i.e., the cancellation according to the Plan.

"Irrespective of instruments signed, such surrender cannot be considered either as a transfer or assignment, but purely as a mechanical act in compliance with an order of this Court. Even if we give the Old Bonds life up to the moment of actual cancellation, and thus enable them to carry with them on the alleged transfer, the guaranty, assuming for the moment for the sake of discussion that such was permissible under the intent of the Plan, the result is not changed. True, for a brief time, while the Old Bonds were in the hands of the New Company, to which they were surrendered under the order for consummation of the Plan, the New Company could be said to have had the rights under the guaranty, if the thought being now pursued is accepted. But the New Company then transferred the Old Bonds to the former Trustee, and so the former Trustee must then be said to hold the rights under the guaranty. Since the former Trustee could only hold them for the Old Bondholders, we are back to the original conclusion. The assignments or bond powers in blank which were executed to accompany all registered Old Bonds in no way change the situation. They merely place in writing the contention that a transfer or assignment was made. It must be remembered that they were in no way required by the Plan, and the evidence indicates that they were required merely as a convenience and precaution against possible future need (p. 58).

"The contention that the holders of the Old Bonds exchanged them for New Bonds and thus relinquished as Old Bondholders their rights under the guaranty is fallacious. The Old Bonds were surrendered for cancellation only, pursuant to the Reorganization Plan, with an express reservation of the rights under the guaranty.

"There remains for analysis the contention that the New Bonds must be treated like the Old Bonds, and thus the New Bonds must be deemed to have carried with them on their sale, the rights on the guaranty. The cases of Matter of 24–52 44th Street, Long Island City, 176 Misc. 249 [26 N.Y.S.2d 265], and Matter of Lawyers Westchester Mortgage & Title Company, 176 Misc. 435 [26 N.Y.S.2d 575], were cited in support of this proposition. These cases do not support this contention. The facts in the case at bar and the cited cases are not analogous, and while the principle of law they enunciate is sound, they are not authority for the cited proposition. In the cited cases the participation certificates were never surrendered and hence upon a sale of such certificates they carried with them all the rights thereunder. In the case at bar the bonds were surrendered for cancellation and were never sold. The New Bonds never acquired the guaranty rights and hence upon the sale of the New Bonds the guaranty rights could not and did not pass with them. ·

"The holders and owners of the Old Bonds expressly reserved their rights on the guaranty to emphasize their desire for the retention of such rights. This was despite the fact that such rights were al-

ready protected by the Bankruptcy Act. $2,440,000. original principal amount of Old Bonds filed proofs of claim on the guaranty and received dividends. The Trustee filed proof of claim for the protection of all the other Old Bondholders and the dividend received by the Trustee should be distributed to such Old Bondholders."

This holding is not contrary to Bacon v. Grossmann, 71 App.Div. 574, 76 N.Y.S. 188.

The Special Master in a well-considered opinion has recommended that the funds be distributed to those last holders of 1961 Bonds who have not filed individual claims in the New York Investors, Inc., proceeding. In substance this recommendation follows from a conclusion that the guaranty did not accompany the new bonds issued pursuant to the plan of reorganization for the 1961 Bond Issue.

As appears from the record and the Special Master's report, the old bonds, which contained the guaranty, were cancelled and new bonds, which did not refer to the guaranty, were issued by the new company. From the document he received, no purchaser of such new bonds was in any way led to believe that any guaranty claim existed. Nor did the new indenture refer to the guaranty. Presumably, the purchaser paid what he believed to be a fair price for a bond secured by collateral, rather than for such a bond plus a possible dividend on a guaranty claim which he had not asserted and as to the existence of which he was ignorant. The record discloses that no new bondholders were ever permitted to file a claim on such guaranty in the New York Investors, Inc. proceeding.

In contrast, the Central Hanover Bank and Trust Company filed a claim as trustee of the old bond issue in the New York Investors, Inc., proceeding, on behalf of all holders and owners of old bonds who had not had allowed individual proofs of claim filed in their own behalf. The old bondholders who communicated with the Central Hanover Bank and Trust Company were advised of such filing. It may be assumed that such bondholders, relying upon the trustee's proof of claim, did not file individual claims. Where such claims were filed individually, dividends have been paid to the old bondholders, whether they presently own the new bonds or have sold them. The new bonds which they received do not vary in form or language from all other new bonds, and all parties here are agreed that the purchaser of such a bond would not be entitled to receive any guaranty dividend, and that the dividend applicable to such a bond would be and has been paid to the holder of the old bond who filed his claim individually. This is true despite the fact that such a holder did not reserve any rights upon his sale of the new bond.

To determine that under all these circumstances the dividends payable on the trustee's claim should be held for the benefit of subsequent transferees of the new bonds would be to penalize the bondholders who reasonably relied on the trustee's proof of claim, and to confer an unexpected benefit on their transferees. Such a result would have neither legal nor equitable justification.

The Special Master's report will be confirmed. Settle order on notice providing for such confirmation and for the fixing of the time and procedure for the consideration by the Special Master of allowances, if any, for services, costs and disbursements in connection with this proceeding.